1  Edwin Aiwazian (Cal. State Bar No. 232943)
       *edwin@calljustice.com*
2  Arby Aiwazian (Cal. State Bar No. 269827)
       *arby@calljustice.com*
3  Joanna Ghosh (Cal. State Bar No. 272479)
       *joanna@calljustice.com*
4  Brian J. St. John (Cal. State Bar No. 304112)
       *brian@calljustice.com*
5  Selena Matavosian (Cal. State Bar No. 348044)
       *selena@calljustice.com*
6  **LAWYERS *for* JUSTICE, PC**
   410 West Arden Avenue, Suite 203
7  Glendale, California 91203
   Tel: (818) 265-1020 / Fax: (818) 265-1021
8
   *Attorneys for* Plaintiffs

9

**UNITED STATES DISTRICT COURT**

10

**CENTRAL DISTRICT OF CALIFORNIA**

11

| | |
|---|---|
| 12 CAMERON FLETCHER, individually, and on behalf of other members of the general public similarly situated; KATRINA WILSON, individually, and on behalf of other members of the general public similarly situated and on behalf of other aggrieved employees pursuant to the California Private Attorneys General Act;<br><br>Plaintiffs,<br><br>vs.<br><br>TRIPLE B CORPORATION d/b/a CHARLIES PRODUCE, a Washington corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.: 2:22-cv-03053-DMG-MAA<br><br>Honorable Dolly M. Gee<br>Courtroom 8C<br><br>**CLASS ACTION**<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION AND PAGA SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>[Declaration of Proposed Class Counsel (Selena Matavosian); Declaration of Proposed Class Representatives (Cameron Fletcher and Katrina Wilson); and [Proposed] Order filed concurrently herewith]<br><br>Date:          February 9, 2023<br>Time:          9:30 a.m.<br>Courtroom:      8C<br><br>Complaint Filed:  February 22, 2022<br>Trial Date:       None Set |

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on February 9, 2023 at 9:30 a.m., or as soon thereafter as the matter may be heard before the Honorable Dolly M. Gee in Courtroom 8C of the United States District Court for the Central District of California, located at the First Street Courthouse, 350 West First Street, 8th Floor, Los Angeles, California 90012, Plaintiff Cameron Fletcher and Proposed Plaintiff Katrina Wilson ("Plaintiffs" or "Class Representatives") will, and hereby do, move for an order:

- Granting leave to file the [Proposed] First Amended Class Action Complaint for Damages and Enforcement Under the Private Attorneys General Act, Cal. Labor Code § 2698 Et Seq. ("First Amended Complaint" or "Operative Complaint") which is attached as "**EXHIBIT 1**" to the [Proposed] Order Granting Preliminary Approval of Class Action Settlement;

- Granting preliminary approval of the proposed class action settlement described herein and as set forth in the parties' Class Action and PAGA Settlement Agreement ("Settlement," "Agreement," or "Settlement Agreement"), attached as "**EXHIBIT 1**" to the Declaration of Selena Matavosian in Support of Plaintiffs' Motion for Preliminary Approval of Class Action and PAGA Settlement, including the means of allocation and distribution of the Gross Settlement Amount, and the allocations for Class Counsel Award, Service Awards, PAGA Allocation, and Administrative Costs;

- Certifying the proposed Class for settlement purposes only;

- Preliminarily appointing Plaintiff Cameron Fletcher and Proposed Plaintiff Katrina Wilson as Class Representatives;

- Preliminarily appointing Edwin Aiwazian, Arby Aiwazian, Joanna Ghosh, and Selena Matavosian of Lawyers *for* Justice, PC as Class Counsel;

1

- Approving the proposed Notice of Class and Representative Action Settlement ("Class Notice"), attached as "**EXHIBIT 2**" to the [Proposed] Order Granting Preliminary Approval of Class Action Settlement;

- Appointing Simpluris, Inc. as the Settlement Administrator to handle the notice and administration process for the Settlement and preliminarily approving the Administrative Costs;

- Directing the Settlement Administrator to mail the Class Notice to the proposed Class;

- Approving the proposed deadlines for the notice and administration process as reflected herein and in the Settlement Agreement; and

- Scheduling a hearing to consider final approval of the Settlement, at which time the Court will also consider whether to grant final approval of the requests for an award of the Class Counsel Award, Service Awards, Administrative Costs, and PAGA Allocation.

This motion is based upon the following memorandum of points and authorities; the Settlement Agreement; the Declarations of Proposed Class Counsel (Selena Matavosian) and Proposed Class Representatives (Cameron Fletcher and Katrina Wilson) in support thereof; as well as the pleadings and other records on file with the Court in this matter, and such evidence and oral argument as may be presented at the hearing on this motion.

Dated: November 17, 2023            **LAWYERS *for* JUSTICE, PC**

                                    By: _____
                                        Joanna Ghosh
                                        Selena Matavosian
                                        *Attorneys for* Plaintiffs and the Class

**LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

2

## TABLE OF CONTENTS

I.  SUMMARY OF MOTION ..................................................................... 1

II.  PROCEDURAL HISTORY AND FACTUAL BACKGROUND ..... 3

III.  REQUEST FOR LEAVE TO FILE AMENDED COMPLAINT ..... 4

IV.  SUMMARY OF THE SETTLEMENT TERMS ............................... 5

    A.  The Class for Settlement Purposes ................................................. 5

    B.  Essential Terms of the Settlement ................................................. 5

    C.  Calculation of Individual Settlement Payments ......................... 6

    D.  Calculation of Individual PAGA Payments ................................. 7

    E.  Request for Exclusion, Objection, and Dispute Procedures .... 8

    F.  Scope of the Release ........................................................................ 9

V.  THE LEGAL STANDARD FOR PRELIMINARY APPROVAL OF THE CLASS ACTION SETTLEMENT ..................................... 11

VI.  THE SETTLEMENT SHOULD BE PRELIMINARILY APPROVED ...................................................................................... 11

    A.  The Settlement Resulted from Arm's Length Negotiations and Extensive Investigation and Discovery ....................................... 12

    B.  The Settlement Is Fair, Reasonable, and Adequate ............... 14

    C.  The Settlement Is of Significant Value and Within the Range of Approval ..................................................................................... 16

        1.  The allocation for the Service Awards are reasonable. ... 16

        2.  The allocations for the Class Counsel Award are reasonable. ..................................................................... 17

VII.  CERTIFICATION OF THE PROPOSED CLASS IS APPROPRIATE UNDER RULE 23 ................................................ 19

    A.  Numerosity ..................................................................................... 20

    B.  Commonality ................................................................................. 20

    C.  Typicality ........................................................................................ 21

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

i

D.      Adequacy of Representation ........................................................ 21

       1.      *Appointment of Class Representatives.* ........................... *21*

       2.      *Appointment of Class Counsel.* ....................................... *22*

E.      Predominance and Superiority .................................................... 22

VIII.  ADEQUACY OF THE METHOD OF NOTICE ............................ 23

IX.    APPOINTMENT OF SIMPLURIS AS THE SETTLEMENT

       ADMINISTRATOR ......................................................................... 25

X.     DEADLINES FOR NOTICE AND ADMINISTRATION .............. 26

XI.    CONCLUSION ................................................................................ 27

**LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale. California 91203

**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS
ACTION AND PAGA SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
THEREOF**

1

# <u>TABLE OF AUTHORITIES</u>

**United States Supreme Court Cases**

*Boeing v. Van Gemert*, 444 U.S. 472, 478 (1980) .................................................. 18

*Dukes v. Wal–Mart, Inc.*, 564 U.S. 338, 350 & 359 (2011) ................................... 20

*Elsen v. Carlisle & Jacqueline*, 417 U.S. 156, 175-77 (1974)............................... 24

*Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983) .................................................. 19

*Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 174 (1989) ........................... 25

*Johnson v. California*, 543 U.S. 499, 504–05 (2005)............................................. 20

 **Federal Cases**

*Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 626 n.20 (1997).................... 21, 23

*Armstrong v. Davis*, 275 F.3d 849, 868 (9th Cir. 2001) .................................. 20, 21

*Bellinghausen v. Tractor Supply Co.*, 306 F.R.D. 245, 267 (N.D. Cal. Mar. 19, 2015) .................................................................................................................. 17

*Blackie v. Barrack*, 524 F.2d 891, 902 (9th Cir. 1975) ......................................... 20

*Carr v. Tadin, Inc.*, 51 F. Supp. 3d 970, 986 (S.D. Cal. 2014) ............................. 16

*Churchill Vill. LLC v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004)................... 23

*Clayton v. Knight Transp.*, 2013 WL 5877213, at *23 (E.D. Cal. Oct. 30, 2013)... 18

*Covillo v. Specialty's Café*, No. C-11-00594 DMR, 2014 WL 954516, at *7 (N.D. Cal. Mar. 6, 2014) ......................................................................................... 16, 17

*Craft v. Cnty. of San Bernardino*, 624 F. Supp. 2d 1123, 1127 (C.D. Cal. 2008) ... 18

*In re Agent Orange Prod. Liabiltiy Litig.*, 818 F.2d 226, 232 (2d Cir. 1987) ......... 18

*In re Badger Mountain Irr. Dist. Sec. Litig.*, 143 F.R.D. 693, 696 (W.D. Wash. 1992) .................................................................................................................. 20

*In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 942 (9th Cir. 2011)..... 18

*In re Hill*, 775 F.2d 1037 (9th Cir. 1985) ............................................................. 18

*In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 463 (9th Cir. 2000) ............. 16, 21

*In re Toyota Motor Corp.*, 2013 WL 3224585 (C.D. Cal. June 17, 2013)............. 19

*In re Toys "R" Us-Del., Inc. FACTA Litig.*, 295 F.R.D. 438, 470 (C.D. Cal. 2014) ........................................................................................................................ 16

*Knight v. Red Door Salons, Inc.*, 2009 WL 248367, at *6 (N.D. Cal. Feb. 2, 2009)

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

iii

..................................................................................................... 18

*Knisley v. Network Assocs.*, 312 F.3d 1123, 1126 (9th Cir. 2002) .......................... 18

*Laffitte v. Robert Half Int'l, Inc.* 1 Cal.5th 480, 486 & 506 (2016) .................... 18

*Maley v. Del Global Techs. Corp.*, 186 F. Supp. 2d 358, 367 (S.D.N.Y. 2002) ..... 15

*Mazza v. Am. Honda Motor Co.*, 254 F.R.D. 610, 617 (C.D. Cal. 2008) .............. 20

*Nguyen v. Radient Pharm. Corp.*, No. 11-cv-00406, 2014 WL 1802293, at *5 (C.D. Cal. May 6, 2014)............................................................................... 15

*Paul, Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268, 272 (9th Cir. 1989)........ 19

*Romero v. Producers Dairy Foods, Inc.*, 2007 WL 3492841 (E.D. Cal. Nov. 14, 2007) ................................................................................................ 19

*Schaefer v. Overland Express Family of Funds*, 169 F.R.D. 124, 131 (S.D. Cal. 1996) ................................................................................................ 24

*Singer v. Becton Dickinson and Co.*, 2010 WL 2196104, *8 (S.D. Cal. June 1, 2010) ................................................................................................ 18

*Six (6) Mexican Workers v. Ariz. Citrus Growers*, 904 F.2d 1301, 1311 (9th Cir. 1990) ................................................................................................ 18

*Staton v. Boeing*, 327 F.3d 938, 976-78 (9th Cir. 2003)................................... 16, 18

*Valentino v. Carter-Wallace, Inc.*, 97 F.3d 1227, 1234 (9th Cir. 1996)................. 19

*Van Vranken*, 901 F.Supp. at 297 ................................................................. 16, 18

*Vasquez v. Coast Valley Roofing, Inc.*, 266 F.R.D. 482, 491-92 (E.D. Cal. 2010).. 18

*Villegas v. J.P. Morgan Chase & Co.*, No. CV 09-00261 SBA (EMC), 2012 WL 5878390, at *6 (N.D. Cal. Nov. 21, 2012) ........................................... 13

*Vizcaino v. Microsoft Corp.*, 290 F.3d 1043 (9th Cir. 2002) .......................... 18, 19

*Welmer v. Syntex*, 117 F.R.D. 641, 644 (N.D. Cal. 1987) .................................... 21

*Williams v. MGM-Pathe Commc'n Co.*, 129 F.3d 1026 (9th Cir. 1997) ............... 18

**Rules**

Federal Rule of Civil Procedure  23(a) .............................................................. 19, 20

Federal Rule of Civil Procedure  23(a)(1) ........................................................... 20

Federal Rule of Civil Procedure  23(a)(4) ........................................................... 21

Federal Rule of Civil Procedure  23(b) ............................................................... 19

Federal Rule of Civil Procedure  23(b)(3)........................................................... 22

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

iv

Federal Rule of Civil Procedure  23(c)(2) ................................................................ 24

Federal Rule of Civil Procedure 23(c)(2)(B) ................................................ 23, 24

Federal Rule of Civil Procedure 23(h) ................................................................ 17

**Other Authorities**

*Manual for Complex Litig., Fourth* § 21.132 ...................................................... 21

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale. California 91203

**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS
ACTION AND PAGA SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
THEREOF**

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    SUMMARY OF MOTION

Plaintiff Cameron Fletcher and Proposed Plaintiff Katrina Wilson ("Plaintiffs" or "Class Representatives") respectfully request that this Court grant preliminary approval of the Class Action and PAGA Settlement Agreement ("Settlement," "Agreement," or "Settlement Agreement") entered into by and between Plaintiffs, individually and on behalf of all others similarly situated and other aggrieved employees, on the one hand, and Defendant Triple B Corporation d/b/a Charlies Produce ("Defendant"), on the other hand. Subject to Court approval, Plaintiffs and Defendant (collectively, the "Parties") have agreed to settle the action entitled *Cameron Fletcher v. Triple B Corporation d/b/a Charlies Produce*, United States District Court for the Central District of California, Case No. 2:22-CV-03053-DMG-MAA (the "Action") for a Gross Settlement Amount of One Million Six Hundred Ten Thousand Dollars and No Cents ($1,610,000.00)[1] on a non-reversionary basis.

The Gross Settlement Amount includes the following: (1) Individual Settlement Payments to Settlement Class Members which will be distributed from the Net Settlement Amount; (2) Service Awards in an amount not to exceed Ten Thousand Dollars and Zero Cents ($10,000) each (for a total of $20,000.00); (3) Class Counsel Award to Class Counsel consisting of attorneys' fees in an amount not to exceed thirty five percent (35%) of the Gross Settlement Amount (i.e., $563,500.00 if the Gross Settlement Amount is $1,610,000.00) and reimbursement of litigation costs and expenses in an amount not to exceed Twenty-Five Thousand Dollars and Zero Cents ($25,000.00); (4) Administrative Costs to the Settlement Administrator in an amount not to exceed Sixteen Thousand Dollars and Zero Cents ($16,000.00); and (5) the PAGA Allocation of Seventy-Five Thousand Dollars and Zero Cents ($75,000.000) allocated to penalties under the Private Attorneys General Act

---

[1] A copy of the fully-executed Settlement Agreement is attached as "**EXHIBIT 1**" to the Declaration of Selena Matavosian in Support of Plaintiffs' Motion for Preliminary Approval of Class Action and PAGA Settlement ("Matavosian Decl.").

**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

("PAGA"), of which seventy-five percent (75%) (i.e. $56,250.00) will be distributed to the Labor and Workforce Development Agency ("LWDA") and twenty-five percent (25%) (i.e. $18,750.00) will be distributed to all current and former hourly-paid or non-exempt employees who worked for Defendant within the State of California at any time during the PAGA Period ("Aggrieved Employees"). Settlement Agreement, ¶ 1.4, 1.20, & 1.31. The period from November 14, 2022 through August 15, 2023 is the "PAGA Period." *Id*., ¶ I.32.

Plaintiffs also seek to provisionally certify the following Class for settlement purposes only, which Defendant does not oppose:

> All current and former hourly-paid, non-exempt employees who worked for Defendant within the State of California at any time during the Class Period ("Class" or "Class Members"). *Id*., ¶ 1.8

The period from February 22, 2018 through August 15, 2023 is the "Class Period." *Id*., ¶ I.9.

The Class is estimated to consist of approximately eight hundred fifty (850) individuals, and the Aggrieved Employees are estimated to consist of approximately two hundred twenty (220) individuals. Matavosian Decl., ¶ 9.

The Parties reached the Settlement after engaging in significant informal discovery, investigations, and arm's-length negotiations. The Settlement resulted from a formal mediation conducted by Mark S. Rudy, Esq. (the "Mediator"), a well-respected mediator who is experienced in wage-and-hour class actions. The Settlement satisfies the criteria for approval and falls within the range of possible approval under federal and California law. Additionally, the proposed Class Notice[2] provides the best notice practicable under the circumstances and will allow each Class Member a full and fair opportunity to evaluate the Settlement and decide whether to participate in it. Accordingly, Plaintiffs move the Court to grant preliminary approval of the Settlement and the allocations for Class Counsel Award, Service Awards, and

---

[2] The Notice of Class and Representative Action Settlement (i.e., Class Notice) is attached as "**EXHIBIT 2**" to the Proposed Order, filed concurrently herewith.

**LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

1  Administrative Costs; conditionally certify the proposed Class for settlement

2  purposes; direct distribution of the Class Notice; and set a Final Approval Hearing.

3  ## II. PROCEDURAL HISTORY AND FACTUAL BACKGROUND

4  Defendant is a full-service produce company that focuses on sourcing fruits

5  and vegetables from local growers and supplying produce to retail and foodservice

6  customers. Plaintiff Cameron Fletcher was employed by Defendant as an hourly-

7  paid, non-exempt employee from approximately March 2017 to approximately

8  December 2019. Declaration of Cameron Fletcher filed concurrently herewith

9  ("Fletcher Decl."), ¶ 2. Proposed Plaintiff Katrina Wilson was employed by

10  Defendant as an hourly-paid, non-exempt employee in the State of California from

11  approximately January 2021 to present. Declaration of Katrina Wilson filed

12  concurrently herewith ("Wilson Decl."), ¶ 2.

13  On February 22, 2022, Plaintiff Fletcher filed the Class Action Complaint for

14  Damages ("Original Complaint"), thereby commencing a putative class action in the

15  Superior Court of California for the County of Los Angeles, Case No.

16  22STCV06634, against Defendant for violations of the California Labor Code and

17  the California Business and Professions Code.

18  On May 5, 2022, Defendant removed the Action to the United States District

19  Court for the Central District of California (the "Court"), Case No. 2:22-cv-03053-

20  DMG-MAA (the "Action").

21  On May 12, 2022, Defendant filed its Answer to Plaintiff Fletcher's Original

22  Complaint.

23  On November 14, 2023, Proposed Plaintiff Wilson provided written notice to

24  the Labor and Workforce Development Agency ("LWDA") and Defendant, of

25  Proposed Plaintiff Wilson's intent to seek civil penalties for alleged violations of the

26  California Labor Code ("PAGA Notice").

27  Plaintiffs' core allegations are that Defendant violated the California Labor

28  Code and California Business and Professions Code by, *inter alia*, failing to properly

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION AND PAGA SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale. California 91203

pay minimum, regular, and overtime wages, failing to provide compliant meal and rest periods or pay associated premiums, failing to timely pay wages upon termination and associated waiting time penalties, failing to timely pay wages during employment, failing to provide complaint wage statements, failing to keep requisite payroll records, failing to pay reporting time pay, and failing to reimburse necessary business-related expenses. Plaintiffs contend that Defendant's conduct constitutes unfair business practices and gives rise to penalties under PAGA. Plaintiffs further allege that Defendant's failure to properly pay all compensation due, arises from, *inter alia*, Defendant's practices and policies which required Class Members to work before clocking in for their shifts and after clocking out of their shifts and due to alleged rounding practices and claimed improper regular rate calculations. As a result, Plaintiffs contend that they and the Class Members are entitled to, *inter alia*, unpaid wages, penalties (including and not limited to, penalties pursuant to PAGA), and attorneys' fees. Defendant denies any liability of any kind associated with the claims and allegations, and further denies that Plaintiffs or the Class Members are entitled to any relief. Defendant also denies that this case is appropriate for class or representative treatment for any purpose other than the Settlement. Defendant maintains, among other things, that they have complied with federal and California laws in all respects.

On May 11, 2023, the parties participated in a private mediation before Mark S. Rudy, Esq. (the "Mediator"), a well-respected mediator experienced in handling complex wage-and-hour matters. With the aid of the Mediator's evaluations, the Parties reached the Settlement to resolve the Action. On May 30, 2023, the Parties filed a Joint Notice of Settlement and Stipulation to Vacate Dates.

## III.    REQUEST FOR LEAVE TO FILE AMENDED COMPLAINT

To effectuate the terms of the Settlement Agreement and intent of the Parties, the Parties agree that leave should be granted for Plaintiff Fletcher to amend the complaint, by filing the proposed First Amended Complaint. Settlement

Agreement, ¶ 2.3. The First Amended Complaint will add Proposed Plaintiff Katrina Wilson as a named plaintiff and add all class and PAGA claims and causes of action negotiated during mediation and falling within the definition of "Released Class Claims" and "Released PAGA Claims," including specifically all claims and causes of action asserted in the PAGA Notice. Ibid. As such, Plaintiff Fletcher respectfully requests leave to file the First Amended Complaint (i.e., Operative Complaint), attached as "**EXHIBIT 1**" to the [Proposed] Order Granting Preliminary Approval of Class Action Settlement, so that the Operative Complaint in the Action formally fleshes out the allegations that have been investigated, litigated, mediated, and ultimately settled by the Parties and so that the terms of the Settlement may be effectuated.

## IV.    SUMMARY OF THE SETTLEMENT TERMS

### A.    The Class for Settlement Purposes

For settlement purposes only, the Parties agree to class action certification of the following:

> All current and former hourly-paid, non-exempt employees who worked for Defendant within the State of California at any time during the Class Period. Settlement Agreement, ¶ 1.8.

As discussed in Section VII, *infra*, conditional class certification is appropriate with respect to the Settlement.

### B.    Essential Terms of the Settlement

Defendant will pay a Gross Settlement Amount of One Million Six Hundred Ten Thousand Dollars and Zero Cents ($1,610,000.00) on a non-reversionary basis. Settlement Agreement, ¶ 1.20. The Net Settlement Amount means the amount remaining after deducting the following from the Gross Settlement Amount: (1) attorneys' fees of up to thirty-five percent (35%) of the Gross Settlement Amount (i.e., up to $563,500.00 if the Gross Settlement Amount is $1,610,000.00) and reimbursement of litigation costs and expenses of up to Twenty-Five Thousand

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

5

Dollars and Zero Cents ($25,000.00) to Class Counsel ("Class Counsel Award"); (2) Service Awards of up to Ten Thousand Dollars and Zero Cents ($10,000.00) each to Plaintiffs (totaling $20,000.00); (3) Seventy-Five Thousand Dollars and No Cents ($75,000.000) allocated for the resolution of the claim for violation of the Private Attorneys General Act of 2004 ("PAGA Allocation"); and (4) Administrative Costs, which are currently estimated not to exceed Sixteen Thousand Dollars and Zero Cents ($16,000.00). *Id.*, ¶¶ 1.2, 1.7, 1.25, 1.31, & 1.44. Assuming the allocations towards these payments are awarded in full, the Net Settlement Amount that will be available to be allocated to Class Members who do not submit a valid and timely Request for Exclusion ("Settlement Class Members") is currently estimated to be at least Nine Hundred Ten Thousand Five Hundred Dollars and Zero Cents ($910,500.00). *Id.*, ¶¶ 1.25 & 1.46. The entire Net Settlement Amount will be distributed to Settlement Class Members based upon their Workweeks, and the entire PAGA Allocation will be distributed to the State of California and Aggrieved Employees based on their PAGA Workweeks, and no portion of the Gross Settlement Amount shall revert to Defendants. *Id.*, ¶¶ 6.6 & 6.7.

## C. Calculation of Individual Settlement Payments

The Settlement Administrator shall calculate each Settlement Class Member's estimated Individual Settlement Payments[3], as follows:

> After Preliminary Approval of the Settlement, the Settlement Administrator will divide the Net Settlement Amount by the Workweeks of all Class Members to yield the "Estimated Workweek Value," and multiply each Class Member's individual Workweeks by the Estimated Workweek Value to yield their estimated Individual Settlement Share[4]. Settlement Agreement, ¶ 6.6.1.

---

[3] Individual Settlement Payment refers to the net payment of each Settlement Class Member's Individual Settlement Share, after reduction for the employee's share of taxes and withholdings with respect to the wages portion of the Individual Settlement Share. Settlement Agreement, ¶ 1.22.

[4] "Workweeks" refers to any week during the Class Period in which a Class Member performed work for Defendant, as reflected on Defendant's time records, as an hourly-paid or non-exempt employee of Defendant within the State of California. Settlement Agreement, ¶ 1.47.

6

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

> After Final Approval of the Settlement, the Settlement Administrator will divide the final Net Settlement Amount by the Workweeks of all Settlement Class Members to yield the "Final Workweek Value," and multiply each Settlement Class Member's individual Workweeks by the Final Workweek Value to yield their Individual Settlement Share. Settlement Agreement, ¶ 6.6.2.

All Individual Settlement Shares will be allocated as follows: ten percent (10%) to wages and ninety percent (90%) to non-wage penalties and interest. Settlement Agreement, ¶ 6.8.2. The portion allocated to wages will be reported on an IRS Form W-2 and the portions allocated to penalties and interest will be reported on an IRS Form-1099 (if applicable) by the Settlement Administrator. Ibid. The Settlement Administrator will withhold the employee's share of taxes and withholdings with respect to the wages portion of the Individual Settlement Shares, and issue checks to Settlement Class Members net of these taxes and withholdings. *Id.*, ¶ 6.8.3. The employers' share of payroll taxes due on the portion of Individual Settlement Shares that is allocated to wages shall be paid by Defendant in addition to the Gross Settlement Amount. *Id.*, ¶ 6.8.4.

### D.    Calculation of Individual PAGA Payments

The Settlement Administrator shall calculate each Aggrieved Employee's estimated Individual PAGA Payment[5] (if he or she is eligible to receive payment thereof), as follows:

> The Settlement Administrator will divide the Aggrieved Employees' Portion by the PAGA Workweeks of all Aggrieved Employees to yield the "Estimated PAGA Workweek Value," and multiply each Aggrieved Employee's individual PAGA Workweeks by the Estimated PAGA Workweek Value to yield their Individual PAGA Payment. Settlement Agreement, ¶ 6.7.

All Individual PAGA Payments will be allocated as one hundred percent (100%) to civil penalties and will be reported on IRS Form 1099 (if applicable).

---

[5] Individual PAGA Payments refers to the *pro rata* share of the 25% portion of the PAGA Allocation that will be distributed to Aggrieved Employees ("Aggrieved Employees' Portion"), that an Aggrieved Employee is eligible to receive for the PAGA Settlement. Settlement Agreement, ¶¶ 1.4 & 1.20.

7

Settlement Agreement, ¶ 6.8.1.

### E.  Request for Exclusion, Objection, and Dispute Procedures

Any Class Member wishing to be excluded from the Class Settlement must submit a written request to be excluded ("Request for Exclusion") to the Settlement Administrator, by mail or e-mail, on or before the date that is sixty (60) calendar days from the initial mailing of the Class Notice by the Settlement Administrator ("Response Deadline"). Settlement Agreement, ¶¶ 1.42 & 1.43. A Request for Exclusion must: (a) contain the case name and number of the Action; (b) contain the full name, signature, current mailing address, telephone number, and last four (4) digits of the Social Security number of the Class Member; (c) contain an express statement that the Class Member wishes to be excluded from the Class Settlement; and (d) be submitted to the Settlement Administrator, by mail or e-mail, on or before the Response Deadline. *Id.*, ¶ 1.43. Class Members who submit a valid and timely request for exclusion will not be bound by the terms of the Class Settlement. *Id.*, ¶ 5.2.  All Aggrieved Employees will be bound to the PAGA Settlement and will be issued their Individual PAGA Payment, irrespective of whether they submit a Request for Exclusion. Ibid.

To object, Settlement Class Members who wish to object to the Class Settlement may do so in person at the Final Approval Hearing and/or by submitting a written statement of objection ("Objection") to the Settlement Administrator, by mail or e-mail, on or before the Response Deadline. Settlement Agreement, ¶¶ 1.27 & 5.3. The Objection must: (1) contain the case name and number of the Action; (2) contain the Objector's full name, signature, current mailing address, telephone number, and last four digits of the Objector's Social Security number; (3) contain the specific reason(s) for the Objection; (4) contain all evidence and supporting papers (including, without limitation, all briefs, written evidence, and declarations) for the Court to consider, and (5) be submitted to the Settlement Administrator, by mail or e-mail, on or before the Response

**LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale. California 91203

Deadline. *Id.*, ¶ 1.27.

The Class Notice will include the procedure by which a Class Member may dispute the number of Workweeks and/or PAGA Workweeks allocated to him or her by submitting a written dispute ("Dispute") to the Settlement Administrator. Settlement Agreement, ¶ 1.16. The Dispute must: (1) contain the case name and number of the Action; (2) contain the full name, signature, current mailing address, telephone number, and the last four digits of the Social Security number of the disputing Class Member; (3) contain a clear statement that the Class Member disputes the number of Workweeks or the number of PAGA Workweeks credited to the Class Member and what number(s) the Class Member contends would be correct; (4) include any documentation substantiating the number of Workweeks and/or PAGA Workweeks that the Class Member contends should apply; and (5) be submitted to the Settlement Administrator, by mail or email, on or before the Response Deadline. Ibid.

## F.    Scope of the Release

The Released Class Claims that are the subject of the Settlement are:

All claims reasonably related to or arising out of the factual allegations in the Operative Complaint, arising during the Class Period, under any laws, including but not limited to any municipal, state, or federal law, including, without limitation, all claims for violations for California Labor Code §§ 201, 202, 203, 204, 226(a), 226.7, 510, 512(a), 551, 552, 1174(d), 1194, 1197, 1197.1, 1198, 2800, 2802, or Industrial Welfare Commission Wage Orders Nos. 1-2001, 4-2001, 7-2001, 8-2001, 9-2001, 14-2001, and including, without limitation, all claims for failure to pay minimum, regular, and overtime wages, or other wages or premiums, claims for failure to provide accurate itemized wage statements, claims for failure to timely pay wages during employment, claims for failure to provide compliant meal or rest periods or pay meal or rest period premiums, claims for failure to timely pay wages due at end of employment, claims for failure to maintain payroll records, claims for failure to reimburse necessary business expenses, and claims for unfair competition under California Business and Professions Code § 17200 *et seq*. based upon any of the foregoing. Settlement Agreement, ¶ 1.39.

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale. California 91203

9

The Released PAGA Claims that are the subject of the Settlement are:

All claims for civil penalties under the Private Attorneys General Act (Cal. Lab. Code § 2698, *et seq.*), reasonably related to or arising out of the factual allegations in the Operative Complaint or LWDA Letter, arising during the PAGA Period, for violations for California Labor Code §§ 201, 202, 203, 204, 226(a), 226.7, 510, 512(a), 551, 552, 1174(d), 1194, 1197, 1197.1, 1198, 2800, 2802, or Industrial Welfare Commission Wage Orders Nos. 1-2001, 4-2001, 7-2001, 8-2001, 9-2001, 14-2001, and including, without limitation, all claims for failure to pay minimum, regular, and overtime wages, or other wages or premiums, claims for failure to provide accurate itemized wage statements, claims for failure to timely pay wages during employment, claims for failure to provide compliant meal or rest periods or pay meal or rest period premiums, claims for failure to timely pay wages due at end of employment, claims for failure to maintain payroll records, and claims for failure to reimburse necessary business expenses. Settlement Agreement, ¶ 1.40.

The Released Parties means Defendant and each and all of Defendant's present and former subsidiaries, affiliates, and joint ventures, and all of Defendant's shareholders, investors, partners, members, owners, officers, directors, management-level employees, agents, servants, registered representatives, attorneys, insurers, predecessors, successors and assigns, and any other persons acting by through, under, or in concert with any of them. *Id.*, ¶ 1.41.

As of the Effective Date[6] and full funding of the Gross Settlement Amount, Plaintiffs and all Settlement Class Members will be deemed to have fully, finally, and forever released, settled, compromised, relinquished, and discharged the Released Parties from the Released Class Claims for the Class Period. *Id.*, ¶ 7.1.

As of the Effective Date and full funding of the Gross Settlement Amount, Plaintiff, the State of California with respect to all Aggrieved Employees, and all Aggrieved Employees will be deemed to have fully, finally, and forever released, settled, compromised, relinquished, and discharged the Released Parties from the Released PAGA Claims for the PAGA Period. *Id.*, ¶ 7.2.

---

[6] See *id.*, ¶ 1.17 for the definition of the "Effective Date."

10

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

## V.    THE LEGAL STANDARD FOR PRELIMINARY APPROVAL OF THE CLASS ACTION SETTLEMENT

Class action settlements require court approval. Fed. R. Civ. Proc. 23(e). Although judicial policy favors settlement of class actions, *Class Plaintiffs v. City of Seattle,* 955 F.2d 1268, 1276 (9th Cir. 1992), the decision to approve or reject a settlement is within the trial court's discretion, and that decision may be reversed only upon a strong showing of "clear abuse of discretion." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998); *Class Plaintiffs*, 955 F.2d at 1276.

A settlement should be approved if it is "fundamentally fair, adequate, and reasonable." *Hanlon*, 150 F.3d at 1026; Fed. R. Civ. P. 23(e). In approving a class action settlement, Courts engage in a two-step process: (1) preliminary approval of the settlement; and (2) a later detailed review after notice is given to class members, to determine whether final approval is appropriate. *Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 525 (C.D. Cal. 2004). At the preliminary approval stage, courts must approve a class action settlement "if it appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, and does not improperly grant preferential treatment to class representatives or segments of the class, and falls within the range of possible approval." *In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078, 1079 (N.D. Cal. 2007).

In evaluating the fairness of the class action settlement, courts should give "proper deference to the private consensual decision of the parties." *Hanlon*, 150 F.3d at 1027. Courts need only ensure that the settlement is not a product of "fraud or overreaching by, or collusion between, the negotiating parties, and that the settlement, taken as a whole, is fair, reasonable, and adequate to all concerned." *Id*.

## VI.    THE SETTLEMENT SHOULD BE PRELIMINARILY APPROVED

Preliminary approval is appropriate if the settlement is "potentially fair," *Acosta v. Trans Union, LLC*, 243 F.R.D. 377, 386 (C.D. Cal. 2007), and has no "glaring deficiencies" that would make it clear that a final approval hearing is not

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

11

warranted. *Murillo v. Pac. Gas & Elec. Co.*, 266 F.R.D. 468, 478 (E.D. Cal. Mar. 4, 2010). As discussed below, the Settlement resulted from hard-fought litigation and extensive negotiations, and is fair and reasonable. Therefore, the Settlement should be preliminarily approved.

### A.  The Settlement Resulted from Arm's Length Negotiations and Extensive Investigation and Discovery

An initial presumption of fairness exists "if the settlement is recommended by class counsel after arm's-length bargaining." *Harris v. Vector Mktg. Corp.*, No. 08-cv-5198-EMC, 2011 WL 1627973, at *8 (N.D. Cal. Apr. 29, 2011) (citation omitted). Courts give great weight to such recommendation as class counsel is most familiar with the issues underlying the case. *Nat'l Rural*, 221 F.R.D. at 528.

Here, the parties actively litigated this case since it was commenced on February 22, 2022. Class Counsel conducted a thorough investigation into the facts and circumstances of the case and diligently investigated the allegations in this lawsuit. Matavosian Decl., ¶¶ 12-14. Class Counsel reviewed a volume of documents and data obtained from Defendant, Plaintiffs, and other sources, including and not limited to, employment records of Plaintiffs, a detailed sampling of Plaintiffs' time and pay data, job description, earning statements, company policy acknowledgments and forms (including, California Meal Period Policy Acknowledgement, Meal and Rest Period Agreement and Final Pay Acknowledgment), employment policies, practices, and procedures (including, but not limited to, Defendant's California Meal Period Policy and California At-Will Employment, Confidentiality, and Ownership of Intellectual Property Agreement), among other information and documents. *Id.*, ¶ 13. The Parties exchanged information and documents informally. *Id.*, ¶ 12-13. The parties also met and conferred on numerous occasions over issues relating to the pleadings, and the production of documents and data prior to mediation. *Id.*, ¶ 13.

///

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

The parties reached the Settlement after reviewing all available evidence, arm's-length bargaining, and participating in mediation conducted by Mark S. Rudy, Esq., a well-respected mediator experienced in handling complex wage-and-hour matters. *Id.*, ¶ 12. During the mediation, the Parties exchanged information and discussed various aspects of the case, including and not limited to, Plaintiffs' claims, the risks and delays of further litigation and of proceeding with certification and/or representative adjudication, the law relating to off-the-clock theory, meal and rest periods, wage-and-hour enforcement, and PAGA representative claims, the evidence produced and analyzed, and the possibility of appeals, among other things. Ibid.

During all settlement discussions, the Parties conducted their negotiations at arm's length from an adversarial position. Ibid. Arriving at a settlement that was acceptable to both parties was not easy. With the aid of the Mediator's evaluations, the parties agreed that this case was well-suited for settlement given the legal issues relating to the claims, as well as the costs and risks to both sides that would attend further litigation. *Id.*, ¶¶ 12 & 19. The Settlement takes into account the strengths and weaknesses of each side's position and the uncertainty of how the case might have concluded at certification, trial, and/or appeals. *Id., ¶¶* 10, 13, 19, & 22.

The Settlement is based on this large volume of facts, evidence, and investigation, and the parties' negotiations during the mediation.[7] While the Parties disagree over the merits and certifiability of Plaintiffs' claims, Plaintiffs and Class Counsel agree that the Settlement is fair, reasonable, adequate, and in the best interest of the Class, State of California, and Aggrieved Employees, in light of all known facts and circumstances. *Id.*, ¶¶ 12, 14, & 22.

///

---

[7] *See Hanlon*, 150 F.3d at 1027 (affirming approval of settlement after finding "no evidence to suggest that the settlement was negotiated in haste or in the absence of information illuminating the value of plaintiffs' claims"); *see also Villegas v. J.P. Morgan Chase & Co.*, No. CV 09-00261 SBA (EMC), 2012 WL 5878390, at *6 (N.D. Cal. Nov. 21, 2012) (stating that participation in private mediation "tends to support the conclusion that the settlement process was not collusive").

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION AND PAGA SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

**B.    The Settlement Is Fair, Reasonable, and Adequate**

The Gross Settlement Amount of One Million Six Hundred Ten Thousand Dollars and Zero Cents ($1,610,000.00) represents a fair, reasonable, and adequate resolution of this lawsuit. Under the Settlement, the entire Net Settlement Amount will be distributed to Settlement Class Members and is currently estimated to be at least Nine Hundred Ten Thousand Five Hundred Dollars and Zero Cents ($910,500.00). Also, under the Settlement, the amount of Seventy-Five Thousand Dollars and Zero Cents ($75,000.00) is allocated to resolution of the Released PAGA Claims, of which $56,250.00 will be distributed to the LWDA (i.e., the LWDA Payment) and $18,250.00 will be distributed to Aggrieved Employees (i.e., the Aggrieved Employees' Portion). The amount of the Settlement is reasonable considering the risks relating to certification, liability, and the ability to recover monetary relief on a class-wide or representative basis. Matavosian Decl., ¶¶ 12, 14, 19, & 22. Additionally, the Settlement guarantees a certain monetary recovery to Settlement Class Members, Aggrieved Employees, and the State of California in a reasonably short period of time, as opposed to waiting additional years for the same, or possibly, no recovery.

The Settlement was calculated using data and information obtained through case investigation, Defendant's removal papers, and informal exchange of information in advance of and/or in the context of mediation and settlement negotiations. *Id.*, ¶¶ 12 & 13. Prior to the mediation, Class Counsel conducted extensive investigation into the claims. *Id.*, ¶¶ 12-14, 17, & 19. The data and information obtained enabled Class Counsel to calculate the value of the claims and the monetary recovery that could potentially be obtained, and permitted a complete understanding of Defendant's employment policies, practices, and procedures. *Id.*, ¶¶ 13, 17, & 19. This information proved invaluable in negotiating a settlement amount that provides fair, adequate, and reasonable payment for the resolution of the class and PAGA claims. *Id.,* ¶ 22.

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale. California 91203

14

1    The Parties have also considered the potential risks and rewards inherent in

2 any case and, in particular, with this case. *Id.*, ¶¶ 12, 18, 19, 20, & 22. Prior to the

3 mediation, Class Counsel performed extensive damages and valuation analysis based

4 on class data and a sampling of data provided by Defendant. *Id.*, ¶¶ 13 & 19. During

5 the mediation, Defendant contended, among other things, that their policies and

6 practices fully complied with California law. *Id.*, ¶¶ 12 & 19.

7    Plaintiffs face numerous risks in continued litigation, including and not limited

8 to, the risk of receiving no recovery if a class is not certified and/or no liability is

9 found and the Court determining that adjudication on a representative or class basis

10 is unmanageable and not appropriate. *Id.*, ¶¶ 14, 18, 19, & 22. Plaintiffs also face the

11 real possibility that the amount recovered against Defendant after years of litigation

12 and a lengthy and costly trial is less than the amount negotiated in this Settlement.

13 Ibid.

14    Additionally, the Settlement is fair because it poses no risk of unequal

15 treatment of any Class Member. Individual Settlement Payments will be calculated

16 based upon the Class Member's Workweeks during the Class Period. Settlement

17 Agreement, ¶ 6.6. Individual PAGA Payments will be calculated based upon each

18 Aggrieved Employee's PAGA Workweeks during the PAGA Period. *Id.*, ¶ 6.7.

19    There is no reason to doubt the fairness of the proposed plan of allocation of the

20 settlement funds for purposes of preliminary approval. Even at the final approval

21 stage: "an allocation formula need only have a reasonable, rational basis, particularly

22 if recommended by experienced and competent class counsel." *Nguyen v. Radient*

23 *Pharm. Corp.*, No. 11-cv-00406, 2014 WL 1802293, at *5 (C.D. Cal. May 6, 2014);

24 *see also Maley v. Del Global Techs. Corp.*, 186 F. Supp. 2d 358, 367 (S.D.N.Y.

25 2002). Considering the facts in this case, the amount of the Settlement represents a

26 fair, reasonable, and adequate recovery for the Class, State of California, and

27 Aggrieved Employees. Matavosian Decl., ¶¶ 12, 14, 19 & 22.

28 ///

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale. California 91203

15

## C. The Settlement Is of Significant Value and Within the Range of Approval

The Gross Settlement Amount of One Million Six Hundred Ten Thousand Dollars and Zero Cents ($1,610,000.00) provides substantial monetary recovery to the Class Members, State of California, and Aggrieved Employees, and is fair, reasonable, and adequate in light of the value of the claims and the significant risks of continued litigation. Similarly, all of the other Settlement terms for which Plaintiffs request approval and/or preliminary approval fall within the range of reasonableness, as discussed below.

### 1. The allocation for the Service Awards are reasonable.

Subject to Court approval, Plaintiffs will receive Service Awards of Ten Thousand Dollars and Zero Cents ($10,000.00). Settlement Agreement, ¶ 1.44. The Service Awards will be paid in addition to Plaintiffs' Individual Settlement Payment and/or Individual PAGA Payment. *Ibid.*

The trial court has discretion to award incentives to the Class Representatives.[8] Courts routinely approve incentive awards to class representatives for their time and efforts, and the risks they undertake on behalf of the class. *See, e.g.*, *Staton v. Boeing*, 327 F.3d 938, 976-78 (9th Cir. 2003) (discussing cases approving incentive awards in the range of $2,000 to $25,000). "Incentive awards are particularly appropriate in wage-and-hour actions" because named plaintiffs bear "a significant reputational risk

---

[8] *See In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 463 (9th Cir. 2000). In assessing the reasonableness of an incentive award, several district courts in the Ninth Circuit have considered the factors set forth in *Van Vranken v. Atl. Richfield Co.*, 901 F. Supp. 294, 299 (N.D. Cal. 1995): (1) the risk to the class representative in commencing a class action; (2) the notoriety and personal difficulties encountered by the class representative; (3) the amount of time and effort spent by the class representative; (4) the duration of the litigation; and (5) the personal benefit, or lack thereof, enjoyed by the class representative as a result of the litigation. *See, e.g., In re Toys "R" Us-Del., Inc. FACTA Litig.*, 295 F.R.D. 438, 470 (C.D. Cal. 2014); *Covillo v. Specialty's Café*, No. C-11-00594 DMR, 2014 WL 954516, at *7 (N.D. Cal. Mar. 6, 2014); *Carr v. Tadin, Inc.*, 51 F. Supp. 3d 970, 986 (S.D. Cal. 2014).

16

for bringing suit against their former employers." *Bellinghausen v. Tractor Supply Co.*, 306 F.R.D. 245, 267 (N.D. Cal. Mar. 19, 2015) (quotation marks omitted).

Here, the contemplated Service Awards are fair and appropriate and is well within the range of incentive payments awarded by district courts. *See id.*; *Angell v. City of Oakland*, 13 cv-00190 NC, 2015 WL 65501, at *8 (N.D. Cal. Jan. 5, 2015) (approving $9,000 incentive awards); *Covillo*, 2014 WL 954516, at *8 (approving an $8,000 incentive award).

Plaintiffs spent considerable time and effort to produce relevant documents and past employment records and provide the facts and evidence necessary to support the allegations. Matavosian Decl., ¶ 21; Declaration of Cameron Fletcher in Support of Plaintiffs' Motion for Preliminary Approval of Class Action Settlement ("Fletcher Decl."), ¶¶ 3-5; Declaration of Katrina Wilson in Support of Plaintiffs' Motion for Preliminary Approval of Class Action Settlement ("Wilson Decl."), ¶¶ 3-5. Plaintiffs were available whenever their counsel needed them and tried to obtain and provide documents and information that would facilitate the pursuit of the class and PAGA claims. Fletcher Decl., ¶¶ 3-5; Wilson Decl. ¶¶ 3-5. Accordingly, it is appropriate and just for Plaintiffs to each receive a reasonable Service Award for their services on behalf of the Class, State of California, and Aggrieved Employees.

### 2.    The allocations for the Class Counsel Award are reasonable.

The Settlement establishes a Gross Settlement Amount of One Million Six Hundred Ten Thousand Dollars and Zero Cents ($1,610,000.00) and provides for Class Counsel to apply for attorneys' fees in an amount of up to thirty-five percent (35%) of the Gross Settlement Amount. Settlement Agreement, ¶ 1.20. Class Counsel will bring an appropriate motion in advance of the Final Approval Hearing pursuant to Rule 23(h), and submit supporting evidence and documents.

Under California and Ninth Circuit precedent, a court has discretion to determine attorneys' fees using either the lodestar method or the percentage-of-the-

**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION AND PAGA SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

fund method.[9] District courts may adjust the twenty-five percent (25%) benchmark (observed by the Ninth Circuit) upward or downward if "the percentage recovery would be either too small or large in light of the hours devoted to the case or other relevant factors." *Six (6) Mexican Workers v. Ariz. Citrus Growers*, 904 F.2d 1301, 1311 (9th Cir. 1990); *Staton*, 327 F.3d at 968; *Vizcaino*, 290 F.3d at 1048. If a proposed class action settlement includes an award of attorneys' fees, courts must evaluate that fee award on a case-by-case basis in the overall context of the settlement, and an award above the twenty-five percent (25%) benchmark may be warranted.[10] In California, attorneys' fees tend to be awarded above the twenty-five percent (25%) federal benchmark. *See Van Vranken*, 901 F.Supp. at 297 (holding that fee awards of 30-50% are more typical where the fund is less than $10 million); *Craft v. City of San Bernardino*, 624 F.Supp.2d 1123, 1127 (C.D. Cal. 2008) (holding that attorneys' fees in cases where the fund is below $10 million are often more than 25%). Moreover, "awards in the Central District are in the 20% to 50% range." *Clayton v. Knight Transp.*, 2013 WL 5877213, at *23 (E.D. Cal. Oct. 30, 2013).[11]

---

[9] It is appropriate to calculate and award attorneys' fees as a percentage of a monetary funds that has, by litigation, been preserved or recovered for the benefit of others. *Laffitte v. Robert Half Int'l, Inc.* 1 Cal.5th 480, 486 & 506 (2016); *Wershba v. Apple Computer, Inc.*, 91 Cal.App.4th 224, 253 (2001); *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043 (9th Cir. 2002); *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 942 (9th Cir. 2011). The percentage method is based on the amount of total recovery, as opposed to the total amount of claims made, and is well established in federal courts and the Ninth Circuit. *Boeing v. Van Gemert*, 444 U.S. 472, 478 (1980); *In re Hill*, 775 F.2d 1037 (9th Cir. 1985); *Williams v. MGM-Pathe Commc'n Co.*, 129 F.3d 1026 (9th Cir. 1997); *In re Agent Orange Prod. Liabiltiy Litig.*, 818 F.2d 226, 232 (2d Cir. 1987).

[10] *Knisley v. Network Assocs.*, 312 F.3d 1123, 1126 (9th Cir. 2002); *Vizcaino*, 290 F.3d at 1048; *Knight v. Red Door Salons, Inc.*, 2009 WL 248367, at *6 (N.D. Cal. Feb. 2, 2009).

[11] Other districts usually award attorneys' fees in the 30-40% range in wage-and-hour class actions that result in recovery of a common fund under $10 million. *See Vasquez v. Coast Valley Roofing, Inc.*, 266 F.R.D. 482, 491-92 (E.D. Cal. 2010) (citing recent wage-and-hour class actions where district courts approved attorneys' fee awards ranging from 30-33%); *Singer v. Becton Dickinson and Co.*, 2010 WL 2196104, *8 (S.D. Cal. June 1, 2010) (approving attorneys' fees of one-third of the common fund and holding that the award was similar to awards in other wage-and-hour class actions

*(Footnote continued)*

---

18

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

The goal is to award "reasonable compensation for creating a common fund." *Paul, Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268, 272 (9th Cir. 1989). In reviewing a fee award request, courts consider the following factors: (1) the results achieved; (2) whether there are benefits to the class beyond the immediate generation of a cash fund; (3) the risks of litigation; (4) the skill required of counsel and quality of the work performed; (5) the contingent nature of the fee and the foregoing by counsel of other work; and (6) the reactions of the class. *Vizcaino*, 290 F.3d at 1048-50; *In re Toyota Motor Corp.*, 2013 WL 3224585 (C.D. Cal. June 17, 2013). Of these factors, the most significant factor is the "degree of success obtained." *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983).

Here, the attorneys' fee award provided for by the Settlement is reasonable, particularly in light of the time and effort expended by Class Counsel. Class Counsel litigated this case for nearly two (2) years, with the possibility of an unsuccessful outcome and no fee recovery of any kind. Matavosian Decl., ¶ 12. The ongoing work has been demanding and ultimately successful in achieving a substantial settlement. Given the strengths and weaknesses of the claims and the risk and expense of further litigation, Class Counsel has achieved an excellent result in this lawsuit. Considering the amount of the fees to be requested, the work performed, and the risks incurred, the allocations for Class Counsel Award provided for by the Settlement are reasonable and should be awarded. *See Vizcaino*, 290 F.3d at 1051.

## VII. CERTIFICATION OF THE PROPOSED CLASS IS APPROPRIATE UNDER RULE 23

Class certification under Rule 23(a) is appropriate where the plaintiff demonstrates the four requirements of Rule 23(a) (numerosity, commonality, typicality, and adequacy of representation), and one of the three requirements of Rule 23(b). *Valentino v. Carter-Wallace, Inc.*, 97 F.3d 1227, 1234 (9th Cir. 1996). The

where fees ranged from 30.3-40%); *Romero v. Producers Dairy Foods, Inc.*, 2007 WL 3492841 (E.D. Cal. Nov. 14, 2007) (recognizing that "fee awards in class actions average around one-third" of the settlement).

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

19

proposed Class meets all of these requirements.

### A.    <u>Numerosity</u>

A class is sufficiently numerous if it is "so large that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). A reasonable estimate of the number of purported class members is sufficient to meet the numerosity requirement." *In re Badger Mountain Irr. Dist. Sec. Litig.*, 143 F.R.D. 693, 696 (W.D. Wash. 1992).

The proposed Class consists of approximately eight hundred fifty (850) Class Members and two hundred twenty (220) Aggrieved Employees. Matavosian Decl., ¶ 9. The proposed Class is sufficiently numerous, and joinder of all Class Members would be impractical. *See Mazza v. Am. Honda Motor Co.*, 254 F.R.D. 610, 617 (C.D. Cal. 2008), *rev'd on other grounds*, 666 F.581, 593 (9th Cir. 2012) ("As a general rule, classes of forty or more are considered sufficiently numerous.").

### B.    <u>Commonality</u>

A settlement class has sufficient commonality "if there are questions of fact and law which are common to the class." Fed. R. Civ. P. 23(a)(2). An affirmative showing of at least one common question of law or fact satisfies this requirement.[12] Commonality has been found to exist when there is a common legal issue stemming from divergent factual predicates or a common nucleus of facts leading to different legal remedies. *Hanlon*, 150 F.3d at 1019.

Courts generally find commonality where "the lawsuit challenges a system-wide practice or policy that affects all of the putative class members[]" and divergent ways in which these practices affect individual Class Members, if any, do not undermine the finding of commonality.[13] Here, the Class Members seek remedies under California's wage-and-hour laws for violations arising from common, uniform, and systematic practices which applied to all Class Members during the Settlement

---

[12] *Dukes v. Wal–Mart, Inc*., 564 U.S. 338, 350 & 359 (2011); *see also Hanlon*, 150 F.3d at 1019 ("All questions of fact and law need not be common to satisfy the rule.").
[13] *Armstrong v. Davis*, 275 F.3d 849, 868 (9th Cir. 2001), *abrogated on other grounds by Johnson v. California*, 543 U.S. 499, 504-05 (2005); *Blackie v. Barrack*, 524 F.2d 891, 902 (9th Cir. 1975), *cert denied*, 429 U.S. 816 (1976).

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

Class Period. *See* e.g., Matavosian Decl., ¶¶ 17 & 19. Accordingly, the commonality requirement is satisfied for settlement purposes.

## C.    **Typicality**

The typicality requirement is satisfied where "the cause of the injury is the same," as here, and the injury claimed by the named plaintiffs are "similar" to that of unnamed class members. *Armstrong*, 275 F.3d at 868-69. They need not be "identical." *Id.* at 869. Here, Plaintiffs' claims are typical of those of the Class Members, though some factual differences may exist among them, as the claims arise from the same events or course of conduct and are based upon the same legal theories. Given the structure of the Settlement, the proposed Class satisfies the typicality requirement for settlement purposes as Plaintiffs' claims arise from the same factual basis and are based on the same legal theories as those applicable to all other Class Members. *Welmer v. Syntex*, 117 F.R.D. 641, 644 (N.D. Cal. 1987).

## D.    **Adequacy of Representation**

Rule 23(a)(4) requires that: (1) Class Representatives fairly and adequately protect the interests of the class, and (2) Class Counsel be qualified and competent to conduct the litigation. *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 462 (9th Cir. 2000). The requirement "tends to merge with the commonality and typicality criteria of Rule 23(a)." [14] The inquiry turns on whether "the named plaintiffs and their counsel have any conflicts of interest with other class members" and "whether the named plaintiffs and their counsel [will] prosecute the action vigorously on behalf of the class." *Hanlon*, 150 F.3d at 1020.

### *1.    Appointment of Class Representatives.*

Plaintiffs meet the requirements under Federal Rule of Civil Procedure 23(a)(4), for appointment to represent the Class. Plaintiffs' claims are typical of and align with those of Class Members, which are confined to a limited group of

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale. California 91203

---

[14] *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 626 n.20 (1997); *see also Manual for Complex Litig., Fourth Ed.* § 21.132 ("a settlement class must be cohesive").

**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION AND PAGA SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

similarly-situated employees who worked for Defendants within the State of California during the Class Period. Also, Plaintiffs spent considerable time and effort to produce relevant documents and past employment records and provide the facts and evidence necessary to support the allegations. Matavosian Decl., ¶ 21; Fletcher Decl., ¶¶ 3-5; Wilson Decl., ¶¶ 3-5. Plaintiffs were available whenever their counsel needed them and tried to obtain and provide documents and information that would facilitate the pursuit of the class and PAGA claims. Bruno Decl., ¶¶ 3-5; Wilson Decl., ¶¶ 3-5. As such, Plaintiffs have demonstrated that they have and will continue to fairly and adequately represent the Class, and appointment of Plaintiffs as Class Representatives is appropriate.

### 2. *Appointment of Class Counsel.*

Class Counsel meets the requirements under Federal Rule of Civil Procedure 23(g), for appointment to represent the Class. Class Counsel are highly experienced in employment class action and complex wage-and-hour litigation, having handled many cases before and having been appointed class counsel in many other cases. Matavosian Decl., ¶¶ 2-7. Class Counsel's experience in litigating similar matters was integral to obtaining the Settlement. Class Counsel conducted extensive research, investigation, and analysis of the potential value of the claims. Matavosian Decl., ¶¶ 12 & 19. Class Counsel have committed and continue to commit significant financial and staffing resources to the pursuit of the Action. As such, appointment of Edwin Aiwazian, Arby Aiwazian, Joanna Ghosh, and Selena Matavosian of Lawyers *for* Justice, PC as Class Counsel is appropriate.

### E. <u>Predominance and Superiority</u>

The proposed Class meets the requirements of Rule 23(b)(3) for settlement purposes because: (1) common questions predominate over questions that affect individual members and (2) class resolution is superior to other available means of adjudication. When assessing predominance and superiority, a court may consider that the proposed class will be certified for settlement purposes only. *See Amchem*

22

**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION AND PAGA SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

*Prods.,* 521 U.S. at 618-20. Where the matter is being settled, a showing of manageability at trial is unnecessary. *Id.* at 620. At this stage, the relevant inquiry is "whether the proposed classes are sufficiently cohesive to warrant adjudication by representation." *Id.* at 618-20, 623; *see also Hanlon*, 150 F.3d at 1022.

Here, the proposed Class is sufficiently cohesive to warrant certification. For settlement purposes, common questions of fact and law affecting Class Members predominate over any questions that may affect only individual members. For example, Defendant's alleged failure to properly pay their employees for all hours worked and provide compliant meal and rest periods are alleged to arise from Defendant's uniform policies, practices, and procedures. As such, the questions of fact and law relating to these issues predominate.

Moreover, a class resolution is superior to other available means for the fair and efficient adjudication of the controversy. *See Hanlon*, 150 F.3d at 1023. The superiority requirement involves a "comparative evaluation of alternative mechanism of dispute resolution." *Id.* Here, the alternative method of resolution is individual claims, subject to proof, for relatively small amounts of damages, which would be uneconomical for potential plaintiffs. Therefore, a class resolution is superior to any other available methods.

## VIII. <u>ADEQUACY OF THE METHOD OF NOTICE</u>

"Adequate notice is critical to court approval of a class settlement under Rule 23(e)." *Hanlon,* 150 F.3d at 1025. A class notice must be "the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B). A class notice is adequate if it "generally describes the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard." *Churchill Vill. LLC v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004). The notice must also be "neutral and objective in tone and should neither promote nor discourage the assertion of claims." *Schaefer v. Overland Express Family of Funds*,

169 F.R.D. 124, 131 (S.D. Cal. 1996).

Here, the proposed Class Notice provides the best notice practicable and is adequate. It provides information on, *inter alia*, the nature of the Action, the definition of the Class, the terms of the Settlement, the scope of the Released Class Claims and Released PAGA Claims, the binding effect of the Settlement, and the allocations for the Class Counsel Award, Service Awards, PAGA Allocation, and Administrative Costs. Each notice shall include, among other things: (a) for Class Members, an estimated Individual Settlement Share and number of Workweeks worked during the Class Period, (b) for Aggrieved Employees, estimated Individual PAGA Payment and number of PAGA Workweeks worked during the PAGA Period, (d) how to opt-out of the Class Settlement, (e) how to object to the Class Settlement, and (f) how to dispute the number of estimated Workweeks (for Class Members) and PAGA Workweeks (for Aggrieved Employees). The Class Notice summarizes the proceedings and provides the date, time, and place of the Final Approval Hearing, and all of this information is "clearly and concisely state[d] in plain, easily understood language." Fed. R. Civ. P. 23(c)(2)(B).

All Class Members can and will be identified by Defendant through a review of their records. Upon receipt of the Class Data, the Settlement Administrator will perform a search based on the National Change of Address Database to update and correct any known or identifiable address changes. Settlement Agreement, ¶ 4.4.1.[15] Accordingly, the proposed Class Notice is adequate and is the best notice practicable under Rule 23(c)(2)(B).

The Class Notice also fulfills the requirement of neutrality in class notices. The Class Notice provides a brief, neutral explanation of the case from the perspective of both parties and recognizes that the Court has not yet granted final approval of the

---

[15] *See Elsen v. Carlisle & Jacqueline*, 417 U.S. 156, 175-77 (1974) (Individual notice by mail "is clearly the 'best notice practicable' within the meaning of Rule 23(c)(2)" where "all class members [] can be identified with reasonable effort").

**LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

Settlement.[16] The Class Notice sets forth in an accurate and informative manner the procedures and deadlines governing the submission of Requests for Exclusion, Objections, and Disputes. The proposed Class Notice satisfies all due process requirements and complies with the standards of fairness, completeness, and neutrality. Accordingly, the Court should approve the proposed Class Notice.

## IX.  APPOINTMENT OF SIMPLURIS AS THE SETTLEMENT ADMINISTRATOR

The Parties have selected Simpluris Inc., ("Simpluris") as the Settlement Administrator to handle the notice and administration of the Settlement. Simpluris shall be responsible for the following: processing and mailing payments to Plaintiffs, Class Counsel, Settlement Class Members, and Aggrieved Employees; printing, and mailing Class Notices and tax forms to the Class Members and Aggrieved Employees as directed by the Court; receiving and reporting the Requests for Exclusion, Objection, and Disputes; providing declaration(s) as necessary in support of preliminary and/or final approval of this Settlement; and other tasks as the Parties mutually agree or the Court orders the Settlement Administrator to perform. Settlement Agreement, ¶ 4.2. Simpluris will also handle inquiries from Class Members regarding the Settlement and perform any other usual and customary duties for administering a class action settlement.

Administrative Costs are currently estimated not to exceed Sixteen Thousand Dollars and Zero Cents ($16,000.00) and will be paid out of the Gross Settlement Amount subject to approval by the Court. Plaintiffs respectfully request that the Court appoint Simpluris as the Settlement Administrator and direct distribution of the Class Notice in the manner and in accordance with the proposed schedule, set forth in the Settlement Agreement and discussed in Section VIII, *infra*.

---

[16] *See Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 174 (1989) ("'[C]ourts must be scrupulous to respect judicial neutrality" in overseeing the class action notice process and "avoid even the appearance of judicial endorsement of the merits of the action[.]'").

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

## X.    DEADLINES FOR NOTICE AND ADMINISTRATION

The Court is respectfully requested to approve the proposed deadlines for the notice and settlement administration process. Upon the Court granting preliminary approval of this Agreement, Defendant shall provide the Settlement Administrator a list of the following information: each Class Member's full name, last known email address (if available in Defendant's records), last known mailing address, last known telephone number, Social Security number, and the number of Workweeks and PAGA Workweeks, if applicable, based Defendant's time records for Class Members and Aggrieved Employees (collectively, "Confidential Class Data" or "Class Data") within seven (7) business days of preliminary approval for purposes of mailing the Class Notice to the Class Members. Settlement Agreement, ¶¶ 1.11 & 4.3. Upon receipt of the Class Data, the Settlement Administrator will perform a search based on the National Change of Address Database to update and correct any known or identifiable address changes. *Id.*, ¶ 4.4.1. Within thirty (30) calendar days of preliminary approval of the Agreement, the Settlement Administrator shall send the Notice of Settlement to Class Members via First Class U.S. mail and email, using the last-known mailing address and email address for each Class Member. *Ibid.* Any Class Notices returned as undeliverable within ten (10) calendar days of the original mailing or e-mailing thereof, shall be re-sent within five (5) calendar days via First Class U.S. Mail and email to any available forwarding address. *Id.*, ¶ 4.4.2. If no forwarding address is available, then the Settlement Administrator shall attempt to determine the correct address by using a computer-based skip-trace search, and shall then perform, if feasible, a re-mailing via First Class U.S. Mail and re-emailing within five (5) calendar days. *Ibid.* If no current address is available for a Class Member, then the Notice of Settlement for that Class Member will be deemed undeliverable. *Ibid.* Requests for Exclusion, Objections, and Disputes must be mailed to the Settlement Administrator, postmarked on or before the Response Deadline. *Id.*, ¶¶ 1.16, 1.27, &1.43.

All Individual Settlement Payment and Individual PAGA Payment checks will remain valid and negotiable for one hundred and eighty (180) calendar days from the date of their original mailing ("Expiration Date"). *Id.*, ¶ 6.9. Approximately thirty (30) calendar days before the end of the Expiration Date, the Settlement Administrator will send a postcard or email notification to the Settlement Class Members and/or Aggrieved Employees who have not cashed, deposited, or otherwise negotiated their checks to remind them of the deadline. Ibid. After the Expiration Date, the checks shall be cancelled and funds from all cancelled checks shall be transmitted by the Settlement Administrator to the California State Controller's Unclaimed Property Division in the name of the Settlement Class Member and/or Aggrieved Employee and in the amount of their respective Individual Settlement Payment and/or Individual PAGA Payment. Ibid.

## XI.    **CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that the Court grant preliminary approval of the Settlement; certify the proposed Class for settlement purposes; appoint Edwin Aiwazian, Arby Aiwazian, Joanna Ghosh, and Selena Matavosian of Lawyers *for* Justice, PC as Class Counsel; preliminarily approve the allocations for the Class Counsel Award, Service Awards, PAGA Allocation, and Administrative Costs; appoint Plaintiffs as the Class Representatives; appoint Simpluris as the Settlement Administrator; approve and direct the mailing of the Class Notice to the Class; and schedule a Final Approval Hearing in approximately six (6) months.

Dated:  November __17__, 2023

**LAWYERS** *for* **JUSTICE, PC**

By:  _____
Joanna Ghosh
Selena Matavosian
*Attorneys for* Plaintiffs

**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION AND PAGA SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale. California 91203