UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAMERON FLETCHER, individually, and on behalf of other members of the general public similarly situated; KATRINA WILSON, individually, and on behalf of other members of the general public similarly situated and on behalf of other aggrieved employees pursuant to the California Private Attorneys General Act;<br><br>Plaintiffs,<br><br>vs.<br><br>TRIPLE B CORPORATION d/b/a CHARLIES PRODUCE, a Washington corporation; and DOES 1 through 100, inclusive,<br><br>Defendant. | Case CV 22-3053-DMG (MAAx)<br><br>**CLASS ACTION**<br><br>**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |

This matter has come before the above-entitled Court on Plaintiffs Cameron Fletcher and Katrina Wilson's Motion for Preliminary Approval of Class Action and PAGA Settlement ("Motion"). Having considered the Motion, Memorandum of Points and Authorities in Support Thereof, and declarations submitted in support of the Motion, including the Class Action and PAGA Settlement Agreement ("Settlement," "Agreement," or "Settlement Agreement") entered into by and between Plaintiffs and Defendant Triple B Corporation d/b/a Charlies

Produce ("Defendant"), and the Notice of Class and Representative Action Settlement ("Class Notice"), and **GOOD CAUSE** appearing, **IT IS HEREBY ORDERED** that the Motion is **GRANTED**, subject to the following findings and orders:

1. This Order incorporates by reference the definitions in the Settlement Agreement, and all terms defined therein shall have the same meaning in this Order as set forth in the Settlement Agreement.

2. The Court grants preliminary approval of the Class Action and PAGA Settlement Agreement attached as "Exhibit 1" to the Declaration of Selena Matavosian in Support of Plaintiffs' Motion for Preliminary Approval of Class Action and PAGA Settlement. This is based on the Court's determination that the Settlement falls within the range of possible approval as fair, adequate, and reasonable.

3. The First Amended Complaint [Doc. # 32] shall be the Operative Complaint in the Action for purposes of the Settlement, including the release of claims. All material allegations in the First Amended Complaint shall be deemed denied by Defendant without the necessity for Defendant filing an Answer to the First Amended Complaint or any other pleading in the Action. In the event that the Settlement does not become final for any reason, the First Amended Complaint shall be *void ab initio* and the Class Action Complaint for Damages shall be the operative complaint for all purposes unless otherwise ordered by the Court.

4. It appears to the Court on a preliminary basis that the Settlement is fair, adequate, and reasonable. Extensive and costly investigation and research have been conducted such that counsel for the parties, at this time, are able to reasonably evaluate their respective positions. The Settlement, at this time, will avoid substantial additional costs by all parties, as well as avoid the delay and risks that would be presented by the further prosecution of the case. The Settlement has

been reached as the result of intensive, serious, and non-collusive arm's-length negotiations, and was entered into in good faith.

5. The Court preliminarily finds that the Settlement, which provides for a Gross Settlement Amount of One Million Six Hundred Ten Thousand Dollars and Zero Cents ($1,610,000.00), appears to be within the range of reasonableness of a settlement that could ultimately be given final approval by this Court. The Gross Settlement Amount includes all Individual Settlement Payments, Individual PAGA Payments, Administrative Costs, Class Counsel Award, Service Awards, and the LWDA Payment. The Court has reviewed the monetary recovery that is being granted as part of the Settlement and preliminarily finds that the contemplated monetary settlement payments to Class Members and Aggrieved Employees are fair, adequate, and reasonable when balanced against the probable outcome of further litigation relating to certification, manageability, liability, and damages issues.

6. For settlement purposes only, the Court hereby conditionally certifies the following Class:

> All current and former hourly-paid, non-exempt employees who worked for Defendant within the State of California at any time during the period from February 22, 2018 through August 15, 2023 ("Class" or "Class Members").

7. The Court concludes that, for settlement purposes only, the proposed Class meets the requirements for certification under section 23 of the Federal Rules of Civil Procedure in that: (a) the Class is ascertainable and so numerous that joinder of all members of the Class is impracticable; (b) common questions of law and fact predominate, and there is a well-defined community of interest amongst the members of the Class with respect to the subject matter of the litigation; (c) Plaintiffs' claims are typical of the claims of the members of the

Class; (d) Plaintiffs will fairly and adequately protect the interests of the members of the Class; (e) a class action is superior to other available methods for the efficient adjudication of the controversy; and (f) Class Counsel is qualified to act as counsel for Plaintiffs in their individual capacity and as the representatives of the Class.

8. The Court finds that Plaintiffs Cameron Fletcher and Katrina Wilson are suitable representatives for the Class and hereby preliminarily appoints them as representatives for the Class conditionally certified by this Order.

9. The Court hereby appoints Edwin Aiwazian, Arby Aiwazian, Joanna Ghosh, and Selena Matavosian of Lawyers *for* Justice, PC ("Class Counsel") as counsel for the Class, pursuant to Federal Rules of Civil Procedure 23(g). The Court finds that Class Counsel has demonstrable experience litigating, certifying, and settling class actions, and will serve as adequate counsel for the Class conditionally certified by this Order. Class Counsel is authorized to act on behalf of Class Members with respect to all acts or consents required by, or which may be given pursuant to, the Settlement, and such other acts reasonably necessary to consummate the Settlement. Any Class Member may enter an appearance through counsel of such individual's own choosing and at such individual's own expense. Any Class Member who does not enter an appearance or appear on his or her own will be represented by Class Counsel.

10. The Court hereby appoints Simpluris, Inc. as the Settlement Administrator to administer the Settlement pursuant to the terms of the Settlement Agreement.

11. Pursuant to California Labor Code section 2699(l), the Court has reviewed and hereby preliminarily approves the sum of Seventy-Five Thousand Dollars and Zero Cents ($75,000.00) of the Gross Settlement Amount to be allocated to civil penalties for resolution of the claim pursuant to the Private Attorneys General Act ("PAGA Allocation"). The Court preliminarily approves

payment of seventy-five percent (75%) of the PAGA Allocation, or Fifty-Six Thousand Two Hundred Fifty Dollars and Zero Cents ($56,250.00), to the Labor and Workforce Development Agency ("LWDA Payment") and payment of twenty-five percent (25%) of the PAGA Allocation, or Eighteen Thousand Seven Hundred Fifty Dollars and Zero Cents ($18,750.00) to all current and former hourly-paid or non-exempt employees who worked for Defendant within the State of California at any time during the period from November 14, 2022 through August 15, 2023 ("Aggrieved Employees").

12. The Court hereby approves, as to form and content, the Notice of Class and Representative Action Settlement ("Class Notice") for distribution to the Class Members, subject to the Court's edits. The Class Notice shall be provided to Class Members in the manner set forth in the Settlement Agreement.

13. The Court finds that the proposed plan for distribution of the Class Notice substantially in the manner and form as set forth in the Settlement Agreement and this Order meets the requirements of Federal Rule of Civil Procedure 23(e) and due process, is the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons entitled thereto. The Court further finds that the Class Notice appears to fully and accurately inform the Class Members of all material elements of the Settlement, of Class Members' right to be excluded from the Class Settlement by submitting a Request for Exclusion, of Class Members' right to dispute the number of Workweeks and/or PAGA Workweeks credited to each of them by submitting a Dispute, and of each Settlement Class Member's right and opportunity to object to the Class Settlement by sending an Objection to the Settlement Administrator or appear at the Final Approval Hearing with or without submitting a written Objection to the Class Settlement.

14. By **August 2, 2024**, Defendant shall provide the Settlement Administrator with the Class Data, as outlined in the Settlement Agreement.

**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

**August 26, 2024**, the Settlement Administrator shall mail copies of the Class Notice to each Class Member via First-Class U.S. Mail to his or her most current, known address with a return postage-paid envelope.

15. Upon receipt of the Class Data, the Settlement Administrator shall perform a search based on the National Change of Address Database and update the Class Data with any known or identifiable address changes.

16. The Court preliminarily approves the proposed procedure for requesting exclusion from the Class Settlement. A Class Member who wishes to request exclusion from or opt out of the Class Settlement must do so by submitting a written letter ("Request for Exclusion") to the Settlement Administrator, by mail, postmarked on or before **October 25, 2024** ("the Response Deadline"). The Request for Exclusion must: (1) contain the case name and number of the Action, (2) contain the full name, signature, current mailing address, telephone number, and the last four digits of the Social Security number of the Class Member, (3) contain an express statement that the Class Member wishes to be excluded from the Class Settlement, and (4) be submitted to the Settlement Administrator, by mail or email, on or before the Response Deadline. If the Court grants final approval of the Settlement, any such Class Member who chooses to be excluded from the Class Settlement will not be entitled to receive an Individual Settlement Payment and will not be bound by the Class Settlement or have any right to object, appeal, or comment thereon. Aggrieved Employees will still be issued their Individual PAGA Payment and be bound to the PAGA Settlement, regardless of whether they submit a Request for Exclusion.

17. The Court preliminarily approves the proposed procedure for objecting to the Class Settlement. Settlement Class Members who wish to be object the Class Settlement may object by submitting a written objection ("Objection") to the Settlement Administrator on or before the Response Deadline. An Objection must: (1) contain the case name and number of the Action, (2)

contain the Objector's full name, signature, current mailing address, telephone number, and last four digits of the Objector's Social Security number, (3) contain the specific reason(s) for the Objection, (4) contain all evidence and supporting papers (including, without limitation, all briefs, written evidence, and declarations) for the Court to consider, and (5) be submitted to the Settlement Administrator, by mail or email, on or before the Response Deadline.

18. A Final Approval Hearing is set before the Honorable Dolly M. Gee in Courtroom 8C of the United States District Court for the Central District of California located at the First Street Courthouse, 350 West First Street, 8th Floor, Los Angeles, California 90012, on **December 6, 2024, at 10:00 a.m.** to determine all necessary matters concerning the Settlement, including: whether the Settlement of the Action on the terms and conditions provided for in the Settlement is fair, adequate, and reasonable, and should be finally approved by the Court; whether a judgment, as provided in the Settlement, should be entered herein; whether the plan of allocation contained in the Settlement should be approved as fair, adequate, and reasonable to the Class Members; and to finally approve the requests and allocations for the Service Awards, Class Counsel Award, and Administrative Costs.

19. Class counsel shall file a motion for final approval of the Settlement, along with the appropriate declarations and supporting evidence, including the Settlement Administrator's declaration, by **November 15, 2024**, to be heard at the Final Approval Hearing.

20. Class counsel shall file a motion for final approval of the requests for the Service Awards and Class Counsel Award, and approval of the Administrative Costs, along with the appropriate declarations and supporting evidence, by **September 30, 2024**, to be heard at the Final Approval Hearing.

21. As of the date this Order is signed, all dates and deadlines associated with the Action shall be stayed, other than those contemplated herein and in the

Settlement Agreement and pertaining to the administration of the Settlement.

22. The Court reserves the right to adjourn or continue the date of the Final Approval Hearing and all dates provided for in the Settlement Agreement without further notice to Class Members and retains jurisdiction to consider all further applications arising out of or connected with the Settlement.

**IT IS SO ORDERED.**

DATED: July 26, 2024

_____
DOLLY M. GEE
CHIEF U.S. DISTRICT COURT JUDGE