Edwin Aiwazian (Cal. State Bar No. 232943)
    *edwin@calljustice.com*
Arby Aiwazian (Cal. State Bar No. 269827)
    *arby@calljustice.com*
Joanna Ghosh (Cal. State Bar No. 272479)
    *joanna@calljustice.com*
Selena Matavosian (Cal. State Bar No. 348044)
    *selena@calljustice.com*
**LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203
Tel: (818) 265-1020 / Fax: (818) 265-1021

*Attorneys for* Plaintiffs

**LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAMERON FLETCHER, individually, and on behalf of other members of the general public similarly situated; KATRINA WILSON, individually, and on behalf of other members of the general public similarly situated and on behalf of other aggrieved employees pursuant to the California Private Attorneys General Act; <br><br>        Plaintiffs, <br><br>    vs. <br><br> TRIPLE B CORPORATION d/b/a CHARLIES PRODUCE, a Washington corporation; and DOES 1 through 100, inclusive, <br><br>        Defendants. | Case No.: 2:22-cv-03053-DMG-MAA <br><br> Honorable Dolly M. Gee <br> Courtroom 8C <br><br> **CLASS ACTION** <br><br> **DECLARATION OF SELENA MATAVOSIAN REGARDING COURT-APPROVED NOTICE OF CLASS AND REPRESENTATIVE ACTION SETTLEMENT** <br><br><br> Complaint Filed:    February 22, 2022 <br> FAC Filed:        February 16, 2024 <br> Trial Date:        None Set |

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## <u>DECLARATION OF SELENA MATAVOSIAN</u>

I, Selena Matavosian, hereby declare as follows:

1.     I am an attorney licensed to practice law in the State of California.  I am a member of Lawyers *for* Justice, PC, attorneys of record for Plaintiffs Cameron Fletcher and Katrina Wilson (together, "Plaintiffs"). The facts set forth in this declaration are within my personal knowledge or based on information and belief, and if called as a witness, I could and would competently testify thereto.

2.     On July 26, 2024 at 10:00 a.m. in Courtroom 8C of the above-captioned Court, a hearing was held on Plaintiffs' Motion for Preliminary Approval of Class Action and PAGA Settlement ("Motion for Preliminary Approval"), wherein the Court granted Plaintiffs' Motion for Preliminary Approval (Dkt. No. 40).

3.     On July 26, 2024, the Court entered the Order Granting Preliminary Approval of Class Action Settlement (Dkt. No. 41) ("Preliminary Approval Order"), thereby preliminarily approving the settlement entered into by and between Plaintiffs and Defendant Triple B Corporation d/b/a Charlies Produce (together with Plaintiffs, the "Parties"). Paragraph 12 of the Preliminary Approval Order states that "[t]he Court hereby approves, as to form and content, the Notice of Class and Representative Action Settlement ("Class Notice") for distribution to the Class Members, subject to the Court's edits."

4.     On July 26, 2024, the Parties received an e-mail from the Court containing a redline version of the edits to the Class Notice which was referenced in the Preliminary Approval Order.

5.     The Parties have incorporated the Court's edits into the Class Notice and the Settlement Administrator has formatted and prepared the Class Notice for mailing to the Class. Attached hereto as "**EXHIBIT 1**" is a true and correct copy of the Class Notice which will be mailed to Class Members by the Settlement Administrator.

**DECLARATION OF SELENA MATAVOSIAN REGARDING COURT-APPROVED NOTICE OF CLASS AND REPRESENTATIVE ACTION SETTLEMENT**

1

I declare under penalty of perjury under the laws of the State of California

2

that the foregoing is true and correct.

3

Executed on this 15th day of August 2024, at Glendale, California.

4

5



6

_____
Selena Matavosian

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale. California 91203

**DECLARATION OF SELENA MATAVOSIAN REGARDING COURT-APPROVED NOTICE OF CLASS AND REPRESENTATIVE ACTION SETTLEMENT**

# EXHIBIT 1

**NOTICE OF CLASS AND REPRESENTATIVE ACTION SETTLEMENT**

*Cameron Fletcher, et al. v. Triple B Corporation d/b/a Charlies Produce*
United States District Court for the Central District of California
Case No. CV 22-3053-DMG (MAAx)

«IMbFullBarcodeEncoded»

«FirstName» «LastName» «BusinessName»
«Address1» «Address2»
«City», «State»  «Zip»-«ZipDPC3»

SIMID «SIMID»
«Notice_Encoded»

***PLEASE READ THIS NOTICE AS IT MAY AFFECT YOUR LEGAL RIGHTS.***

| | |
|---|---|
| *1.* | *Why Did I Get This Notice?* |

A proposed settlement has been reached between Plaintiffs Cameron Fletcher and Katrina Wilson ("Plaintiffs") and Triple B Corporation d/b/a Charlies Produce ("Triple B" or "Defendant") in the action entitled *Cameron Fletcher, et al. v. Triple B Corporation d/b/a Charlies Produce*, United States District Court for the Central District of California, Case No. CV 22-03053-DMG (MAAx) ("Action"). This Notice is being sent to you by order of that court, which has preliminarily approved the settlement and conditionally certified a class. Because your rights may be affected by the Settlement, you should read this Notice carefully.

This Notice briefly describes the claims alleged, the key settlement terms, your rights and options, and how you can request to be excluded from the Class Settlement, object to the Class Settlement, and/or dispute the number of Workweeks and/or PAGA Workweeks you are credited with. The Court has not determined whether Triple B broke any law. Both sides agreed to settle the case without agreeing who is right or wrong, in order to avoid the risks and cost of a trial. Triple B expressly denies that it did anything wrong or that it violated the law and further denies any liability whatsoever to the Plaintiffs or to the Class.

| | |
|---|---|
| *2.* | *Important Definitions* |

"**Class**" means all current and former hourly-paid, non-exempt employees who worked for Defendant within the State of California at any time during the Class Period.

"**Class Member**" means a member of the Class.

"**Class Period**" means the period from February 22, 2018 through August 15, 2023.

"**Class Settlement**" means the settlement and resolution of Released Class Claims (described in Section 12 below).

"**Aggrieved Employees**" means all current and former hourly-paid or non-exempt employees who worked for Defendant within the State of California at any time during the PAGA Period.

"**PAGA Period**" means the period from November 14, 2022 through August 15, 2023.

"**PAGA Settlement**" means the settlement and resolution of Released PAGA Claims (described in Section 12 below).

«Barcode»
«BarcodeString»

SIMID «SIMID»

| 3. | What is this Case About? |
|---|---|

The Action was commenced on February 22, 2022 in the Superior Court of the State of California for the County of Los Angeles (Case No. 22STCV06634), which was then removed to the United States District Court for the Central District of California (Case No. CV 22-03053-DMG (MAAx)), where it is currently pending.

On November 14, 2023, Plaintiff Katrina Wilson provided written notice to the California Labor and Workforce Development Agency ("LWDA") and Defendant of Plaintiff Katrina Wilson's intent to seek civil penalties for alleged violations of the California Labor Code and Industrial Welfare Commission Wage Orders ("LWDA Letter").

On February 29, 2024, Plaintiffs filed a First Amended Class Action Complaint for Damages & Enforcement Under the Private Attorneys General Act, Cal. Labor Code § 2698 Et Seq. ("Operative Complaint"), which, *inter alia*, added Katrina Wilson as a named plaintiff and added claims alleged under the Private Attorneys General Act, California Labor Code section 2698, *et seq.* ("PAGA").

Plaintiffs allege that Defendant failed to properly pay minimum and overtime wages and associated premiums, provide compliant meal and rest breaks and pay associated premiums, timely pay wages during employment and upon termination of employment and associated waiting-time penalties, provide accurate wage statements, keep requisite payroll records, pay reporting time pay, reimburse business expenses, and thereby engaged in unfair business practices in violation of California Business & Professions Code section 17200, *et seq*., and conduct that gives rise to penalties under PAGA. Plaintiffs seek, among other things, recovery of unpaid wages, meal and rest period premiums, unreimbursed business expenses, restitution, penalties, interest, and attorneys' fees and costs.

The Parties participated in mediation with a respected class action mediator and, as a result, the Parties reached a settlement. The Parties have since entered into the Class Action and PAGA Settlement Agreement ("Settlement" or "Settlement Agreement").

| 4. | What is a "Class Action"? |
|---|---|

In a class action, one or more class representatives sue on behalf of a group of people who are in a position to make similar claims. In this case, Plaintiffs Cameron Fletcher and Katrina Wilson are the class representatives ("Class Representatives"). Triple B Corporation d/b/a Charlies Produce is the Defendant. A class action allows a court to resolve at one time all the issues for all the class members who do not exclude themselves from the class. A class member is bound by the judgment entered in the case, whether the class wins or loses, and may not sue over the same claims that were decided in the class action.

| 5. | How Does the Class Action Settlement Work? |
|---|---|

If you are a Class Member, you do not need to take any action to receive your share of the Class Settlement (called an "Individual Settlement Payment"), but you have the opportunity to request exclusion from the Class Settlement (in which case you will not receive an Individual Settlement Payment), object to the Class Settlement, and/or dispute the Workweeks and/or PAGA Workweeks credited to you, if you choose, as explained more fully in Sections 9, 10, and 11 below. If you worked within the PAGA Period, you are an "Aggrieved Employee." Aggrieved Employees will receive their *pro rata* share of the twenty-five percent (25%) portion of the PAGA Allocation regardless of whether they opt out of participating in the Class Settlement, as explained more fully in Section 8 below.

Plaintiffs and Defendant, and their respective counsel, believe the settlement is fair and reasonable. The Court must also review the terms of the Settlement and determine if it is fair and reasonable.

On July 26, 2024, in the United States District Court for the Central District of California, Chief Judge Dolly M. Gee entered an order preliminarily approving the Settlement, conditionally certified the Class for settlement purposes, appointed Simpluris, Inc. as the administrator of the Settlement ("Settlement Administrator"), Plaintiffs Cameron Fletcher and Katrina Wilson as the Class Representatives, and Class Counsel (listed in Section 6 below) as counsel for the Class, and directed that you receive this Notice.

A Final Approval Hearing will be held on December 6, 2024 at 10:00 a.m., at the United States District Court for the Central District of California, First Street Courthouse, 350 West First Street, Courtroom 8C, Los Angeles, CA 90012, before Chief United States District Judge Dolly M. Gee, to determine whether the Settlement should be finally approved as fair, reasonable, and adequate.

The Final Approval Hearing may be continued without further notice to Class Members. It is not necessary for you to appear at the Final Approval Hearing, although you may if you wish to do so.

Class Members may appear at the Final Approval Hearing via Zoom. Instructions are provided by the Court at https://www.cacd.uscourts.gov/honorable-dolly-m-gee.

| 6.    *Who Are the Attorneys Representing the Parties?* | |
|---|---|
| **Attorneys for Plaintiffs and the Class ("Class Counsel"):**<br><br>Edwin Aiwazian<br>Arby Aiwazian<br>Joanna Ghosh<br>Selena Matavosian<br>Lawyers *for* Justice, PC<br>410 West Arden Ave., Suite 203<br>Glendale, California 91203<br>Tel: (818) 265-1020<br>Fax: (818) 265-1021 | **Attorneys for Triple B:**<br><br>Giancarlo Urey<br>Evelyn Wang<br>Davis Wright Tremaine, LLP<br>865 South Figueroa Street, 24th Floor<br>Los Angeles, California 90017-2566<br>Tel: (213) 633-6800<br>Fax: (213) 633-6899<br><br>Tiffanie De La Riva<br>Davis Wright Tremaine, LLP<br>50 California Street, Suite 2300<br>San Francisco, California 94111<br>Tel: (415) 276-6500<br>Fax: (415) 276-6599 |

The Court has decided that the attorneys for the Plaintiffs are qualified to represent you and all other Class Members simultaneously in this Settlement. You do not need to hire your own attorney because Class Counsel are working on your behalf. But, if you want your own attorney, you may hire one at your own cost.

| 7.    *What Are My Options?* |
|---|

DO NOTHING: If you do nothing, you *will* be bound to the Class Settlement, release the Released Class Claims described in Section 12 below, and will be issued an Individual Settlement Payment if the Court grants final approval of the Settlement. If you are an Aggrieved Employee, you will be bound to the PAGA Settlement, release the PAGA Released Claims described in Section 12 below, and will be issued an Individual PAGA Settlement.

OPT OUT: If you "opt out" from the Class Settlement described in Section 10 below, then then you will *not* receive an Individual Settlement Payment and will not be bound by the terms of the Class Settlement. If you "opt out" of the Class Settlement you will retain your right to sue Triple B on your own behalf, except for claims for penalties under the Private Attorneys General Act.

You will be automatically included in the PAGA Settlement and issued your Individual PAGA Payment, irrespective of whether you have excluded yourself from the Class Settlement. This means you will be bound by the terms of the PAGA Settlement, and you will release the Released PAGA Claims described in Section 12 below.

OBJECT: If you object to the terms of the Class Settlement, you can submit an Objection to the Settlement Administrator described in Section 11 below. If you want to object to the Class Settlement, then you must *not* opt out of the Class Settlement.

The procedures for opting out or objecting to the Class Settlement are set forth below in the sections entitled "How Do I Opt Out or Exclude Myself From The Class Settlement" and "How Do I Object To The Class Settlement?"

***Note*: *Triple B will not retaliate in any way against you—and is forbidden by law to retaliate in any way against you—for either participating or not participating in this settlement.***

| 8. | *What are the Main Terms of the Settlement and How Much Will I Receive?* |
|---|---|

Triple B will pay $1,610,000.00 in a Gross Settlement Amount, subject to possible increase if it is determined that the number of Workweeks exceeds a predetermined threshold. The following shall be deducted from the Gross Settlement Amount before any payments are made to Settlement Class Members, subject to approval by the Court: (1) Service Awards to Plaintiffs in an amount up to $10,000.00 each, for a total of $20,000.00, (2) Administrative Costs to the Settlement Administrator in an amount estimated not to exceed $16,000.00, (3) attorneys' fees in an amount not to exceed 35% of the Gross Settlement Amount (i.e., $563,500.00 if the Gross Settlement Amount is $1,610,000) and reimbursement of litigation costs and expenses in an amount not to exceed $25,000.00 (collectively, "Class Counsel Award") to Class Counsel, and (4) the amount of $75,000.00 allocated to civil penalties under the Private Attorneys General Act ("PAGA Allocation"). The PAGA Allocation will be distributed as seventy-five percent (75%) to the LWDA (i.e., $56,250.00) ("LWDA Payment") and the remaining twenty-five percent (25%) ($18,750.00) will be distributed to Aggrieved Employees ("Aggrieved Employees' Portion").

After these deductions, the portion that is available to be divided amongst the Class Members who participate in the Class Settlement (i.e., those who do not submit a valid and timely Request for Exclusion) ("Settlement Class Members") is referred to as the "Net Settlement Amount."

Class Members are eligible to receive payment under the Class Settlement of their *pro rata* share of the Net Settlement Amount ("Individual Settlement Share") based on the number of workweeks each Class Member performed work for Defendant as an hourly-paid or non-exempt employee of Defendant within the State of California at any time during the Class Period ("Workweek").

The Settlement Administrator has divided the Net Settlement Amount by the Workweeks of all Class Members to yield the "Estimated Workweek Value," and multiplied each Class Member's individual Workweeks by the Estimated Workweek Value to yield their estimated Individual Settlement Share. After final approval of the Settlement, the Settlement Administrator will divide the final Net Settlement Amount by the Workweeks of all Settlement Class Members to yield the "Final Workweek Value," and multiply each Settlement Class Member's individual Workweeks by the Final Workweek Value to yield their Individual Settlement Share. Settlement Class Members will be issued payment of their final Individual Settlement Payment.

Each Individual Settlement Share will be allocated as 90% to non-wage penalties and interest, and 10% to wages. The portion allocated as wages will be reported on IRS Form W-2 and the portions allocated as penalties and interest will be reported on IRS Form 1099 (if applicable). Each Individual Settlement Share will be subject to reduction for the employee's share of payroll taxes and withholdings with respect to the wages portion of the Individual Settlement Share, resulting in a net payment to the Settlement Class Member ("Individual Settlement Payment"). The employer's share of taxes and contributions in connection with the wages portion of Individual Settlement Shares shall be paid by Defendant separately and in addition to the Gross Settlement Amount.

Aggrieved Employees are eligible to receive payment under the PAGA Settlement for their *pro rata* share of the Aggrieved Employees' Portion ("Individual PAGA Payment") based on the number of workweeks each Aggrieved Employee worked for Defendant as an hourly-paid or non-exempt employee within the State of California at any time during the PAGA Period ("PAGA Workweeks").

The Settlement Administrator has divided the Aggrieved Employees' Portion by the PAGA Workweeks of all Aggrieved Employees to yield the "Estimated PAGA Workweek Value," and multiplied each Aggrieved

Employee's individual PAGA Workweek by the Estimated PAGA Workweek Value to yield their Individual PAGA Payment.

Each Individual PAGA Payment will be allocated as one hundred percent (100%) civil penalties, which will be reported on IRS Form 1099 (if applicable).

If the Court grants final approval of the Settlement, Individual Settlement Payments will be mailed to Settlement Class Members and Individual PAGA Payments will be mailed to Aggrieved Employees at the address that is on file with the Settlement Administrator. If the address to which this Notice was mailed is not correct, or if you move after you receive this Notice, you must provide your correct mailing address to the Settlement Administrator as soon as possible to ensure you receive any payment that you may be entitled to under the Settlement.

> **Under the terms of the Settlement, your Individual Settlement Share is estimated to be $«MERGED_EstSettAmnt_CALC».**
>
> The Individual Settlement Share is subject to reduction for the employee's share of taxes and withholdings with respect to the wages portion of the Individual Settlement Share and will only be distributed if the Court approves the Settlement and after the Settlement goes into effect.
>
> **Under the terms of the Settlement, your Individual PAGA Payment is estimated to be $«MERGED_Est_PAGA_SettAmnt_CALC».**
>
> The Individual PAGA Payment will only be distributed if the Court approves the Settlement and after the Settlement goes into effect.

The settlement approval process may take several months. Your Individual Settlement Share and Individual PAGA Payment (if applicable) reflected in this Notice is only an estimate. Your actual Individual Settlement Share and Individual PAGA Payment (if applicable) may be higher or lower.

---

**9.    How Do I Dispute my Workweeks and/or PAGA Workweeks?**

According to Defendant's records:
- **From February 22, 2018, through August 15, 2023 (i.e., Class Period), you are credited as having worked «MERGED_WW» Workweeks.**
- **From November 14, 2022 through August 15, 2023 (i.e., PAGA Period), you are credited as having worked «MERGED_PAGA_WW» PAGA Workweeks.**

If you wish to dispute the Workweeks and/or PAGA Workweeks credited to you, you must submit a written letter ("Dispute") to the Settlement Administrator, which must:  (1) contain the case name and number of the Action (*Cameron Fletcher, et al. v. Triple B Corporation d/b/a Charlies Produce*, Case No. CV 22-03053-DMG (MAAx)); (2) contain your full name, signature, current mailing address, telephone number, and the last four digits of your Social Security number; (3) contain a clear statement that you dispute the number of Workweeks or the number of PAGA Workweeks credited to you and what number(s) you contend are correct; (4) include any documentation substantiating the number of Workweeks and/or PAGA Workweeks that you contend should apply; and (5) be submitted to the Settlement Administrator, by mail or email, at the specified address or email address listed in Section 10 below, on or before **October 25, 2024**.

---

**10.    How Do I Opt Out or Exclude Myself from the Class Settlement?**

If you do not want to be part of the Class Settlement, then you must submit a written request to be excluded from the Class Settlement ("Request for Exclusion") to the Settlement Administrator, which must (1) contain the case name and number of the Action (*Cameron Fletcher, et al. v. Triple B Corporation d/b/a Charlies Produce,* Case No. CV 22-03053-DMG (MAAx)), (2) contain your full name, signature, current mailing address, telephone number, and the last four digits of your Social Security number, (3) contain an express

statement that you wish to be excluded from the Class Settlement, and (4) be submitted to the Settlement Administrator at the specified address or email address below, by mail or email, on or before **October 25, 2024**.

| **Mail:** | *Cameron Fletcher, et al. v. Triple B Corporation d/b/a Charlies Produce* c/o Settlement Administrator - 7968 P.O. Box 26170 Santa Ana, CA 92799 |
|---|---|
| **Email:** | info@URL.com |

If the Court grants final approval of the Settlement, any Class Member who submits a valid and timely Request for Exclusion will not be entitled to receive an Individual Settlement Payment, will not bound by the release of Released Class Claims (described in Section 12 below), and will not have any right to object to, appeal, or comment on the Settlement. Class Members who do not submit a valid and timely Request for Exclusion will be deemed Settlement Class Members and will be bound by all terms of the Settlement, including those pertaining to the Released Class Claims described in Section 12 below, as well as any judgment that may be entered by the Court based thereon. Aggrieved Employees will be bound by the PAGA Settlement and will still be issued an Individual PAGA Payment, irrespective of whether they submit a Request for Exclusion.

| **11.** | **How Do I Object to the Class Settlement?** |
|---|---|

If you are a Class Member who has not submitted a Request for Exclusion, then you may object to the Class Settlement, personally or through an attorney, by submitting a written statement of objection to the Class Settlement ("Objection") to the Settlement Administrator, which must:  (1) contain the case name and number of the Action (*Cameron Fletcher, et al. v. Triple B Corporation d/b/a Charlies Produce,* Case No. CV 22-03053-DMG (MAAx)), (2) contain your full name, signature, current mailing address, telephone number, and the last four digits of your Social Security number, (3) contain the specific reason(s) for the Objection, (4) contain all evidence and supporting papers (including, without limitation, all briefs, written evidence, and declarations) for the Court to consider, and (5) be submitted to the Settlement Administrator at the specified address or email address in Section 10 above, by mail or email, on or before **October 25, 2024**.

Notwithstanding the above, Settlement Class Members may appear at the Final Approval Hearing to object orally even if they have not submitted an Objection.

If the Court rejects the objection, then the objector will receive an Individual Settlement Payment and will be bound by the terms of the Class Settlement and Released Class Claims.

| **12.** | **What are the Released Claims?** |
|---|---|

As of the Effective Date and full funding of the Gross Settlement Amount, Plaintiffs and all Settlement Class Members will be deemed to have fully, finally, and forever released, settled, compromised, relinquished, and discharged the Released Parties from the Released Class Claims for the Class Period.

As of the Effective Date and full funding of the Gross Settlement Amount, Plaintiffs, the State of California with respect to all Aggrieved Employees, and all Aggrieved Employees will be deemed to have fully, finally, and forever released, settled, compromised, relinquished, and discharged the Released Parties from the Released PAGA Claims for the PAGA Period.

"Released Class Claims" means all claims reasonably related to or arising out of the factual allegations in the Operative Complaint, arising during the Class Period, under any laws, including but not limited to any municipal, state, or federal law, including, without limitation, all claims for violations for California Labor Code §§ 201, 202, 203, 204, 226(a), 226.7, 510, 512(a), 551, 552, 1174(d), 1194, 1197, 1197.1, 1198, 2800, 2802, or Industrial Welfare Commission Wage Orders Nos. 1-2001, 4-2001, 7-2001, 8-2001, 9-2001, and 14-2001, and including, without limitation, all claims for failure to pay minimum, regular, and overtime wages, or other wages or premiums, claims for failure to provide accurate itemized wage statements, claims for failure to timely pay wages during employment, claims for failure to provide compliant meal or rest periods or pay meal or rest period premiums, claims for failure to timely pay wages due at end of employment, claims for failure to maintain payroll records, claims for failure to reimburse necessary business expenses, and for unfair competition under California Business and Professions Code § 17200 *et seq.* based upon any of the foregoing.

"Released PAGA Claims" means all claims for civil penalties under the Private Attorneys General Act (Cal. Lab. Code § 2698, *et seq.*), reasonably related to or arising out of the factual allegations in the Operative Complaint and LWDA Letter, arising during the PAGA Period, for violations for California Labor Code §§ 201, 202, 203, 204, 226(a), 226.7, 510, 512(a), 551, 552, 1174(d), 1194, 1197, 1197.1, 1198, 2800, 2802, or Industrial Welfare Commission Wage Orders Nos. 1-2001, 4-2001, 7-2001, 8-2001, 9-2001, 14-2001, and including, without limitation, all claims for failure to pay minimum, regular, and overtime wages, or other wages or premiums, claims for failure to provide accurate itemized wage statements, claims for failure to timely pay wages during employment, claims for failure to provide compliant meal or rest periods or pay meal or rest period premiums, claims for failure to timely pay wages due at end of employment, claims for failure to maintain payroll records, and claims for failure to reimburse necessary business expenses.

"Released Parties" means Defendant and each and all of Defendant's present and former subsidiaries, affiliates, and joint ventures, and all of Defendant's shareholders, investors, partners, members, owners, officers, directors, management-level employees, agents, servants, registered representatives, attorneys, insurers, predecessors, successors and assigns, and any other persons acting by through, under, or in concert with any of them.

## 13.  *Additional Information*

The above is a summary of the basic terms of the Settlement. For the precise terms and conditions of the Settlement Agreement, you should review the detailed Settlement and other papers which are on file with the Court or uploaded on the Settlement Administrator's website www.simpluris.com/case-search.

You also may review the Settlement Agreement and other court records by using Public Access to Court Electronic Records System ("PACER") (for a fee) through the Court's Pacer system at https://pacer.uscourts.gov/. The Court also provides free access to PACER at the public terminals in the Clerk's Office located at 350 West First Street, Suite 4311, Los Angeles, California 90012, between the hours of 9:00 a.m. and 4:00 p.m. Monday through Friday, excluding court-observed holidays.

**PLEASE DO NOT CONTACT THE COURT FOR INFORMATION ABOUT THIS SETTLEMENT.**

**YOU MAY CALL THE SETTLEMENT ADMINISTRATOR AT THE FOLLOWING TOLL-FREE NUMBER IF YOU HAVE QUESTIONS: (844) 804-5023**

**YOU MAY ALSO CONTACT CLASS COUNSEL IF YOU HAVE ANY QUESTIONS.**