JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAMERON FLETCHER, individually, and on behalf of other members of the general public similarly situated; KATRINA WILSON, individually and on behalf of other members of the general public similarly situated and on behalf of other aggrieved employees pursuant to the California Private Attorneys General Act;<br><br>            Plaintiff,<br><br>    vs.<br><br>TRIPLE B CORPORATION d/b/a CHARLES PRODUCE, a Washington corporation; and DOES 1 through 100, inclusive,<br><br>            Defendants. | No. CV 22-3053-DMG (MAAx)<br><br>**CLASS ACTION**<br><br>**ORDER GRANTING FINAL APPROVAL OF CLASS ACTION AND PAGA SETTLEMENT; JUDGMENT** |

This matter has come before the Court on Plaintiffs Cameron Fletcher and Katrina Wilson's Motion for Final Approval of Class Action and PAGA Settlement ("Motion for Final Approval"). [Doc. # 44.]

On July 26, 2024, the Court entered an Order Granting Preliminary Approval of Class Action Settlement [Doc. # 41] ("Preliminary Approval Order"), and thereby preliminarily approved the settlement of the above-entitled action ("Action") in accordance with the Class Action and PAGA Settlement Agreement ("Agreement" or "Settlement Agreement") entered into by and between Plaintiffs and Defendant Triple B Corporation d/b/a Charlies Produce, which, together with the exhibits annexed thereto sets forth the terms and conditions for settlement of the Action.

Having held a hearing on December 6, 2024, reviewed the Settlement Agreement, and duly considered the parties' papers and oral argument, and good cause appearing, the Court hereby **GRANTS** the Motion for Final Approval and **HEREBY ORDERS, ADJUDGES, AND DECREES AS FOLLOWS:**

1. All terms used herein shall have the same meaning as defined in the Settlement Agreement and the Preliminary Approval Order.

2. This Court has jurisdiction over the claims of the Class Members asserted in this proceeding and over all parties to the Action.

3. The Court hereby grants final approval of the Settlement and finds that it is fair, reasonable and adequate, and in the best interests of the Class as a whole. The Court finds that the Settlement satisfies the standards for final approval of a class action settlement under federal law. More specifically, the Court finds that the Settlement was reached following meaningful discovery and investigation conducted by Class Counsel; that the Settlement is the result of serious, informed, adversarial, and arm's-length negotiations between the parties; and that the terms of the Settlement are fair, adequate, and reasonable. In so finding, the Court has considered all of the evidence presented, including evidence regarding the strength

of Plaintiffs' claims; the risk, expense, and complexity of the claims presented; the likely duration of further litigation; the amount offered in the Settlement; the extent of investigation and discovery completed; and the experience and views of Class Counsel. The Court has further considered the absence of any objections to the Settlement submitted by Class Members. Accordingly, the Court hereby directs that the Settlement be affected in accordance with the Settlement Agreement and the following terms and conditions.

4. With respect to the Class (as defined below) and for purposes of approving this Settlement only, this Court finds that: (a) the members of the Class are ascertainable and so numerous that joinder of all members is impracticable; (b) there are questions of law or fact common to the Class, and there is a well-defined community of interest among members of the Class with respect to the subject matter of the Action; (c) the claims of Plaintiffs are typical of the claims of the members of the Class; (d) a class action is superior to other available methods for an efficient adjudication of this controversy; and (e) the counsel of record for Plaintiff, Lawyers *for* Justice, PC, is qualified to serve as counsel for the Class. The Court finally certifies the following Class for Settlement purposes only:

> All current and former hourly-paid, non-exempt employees who worked for Defendant within the State of California at any time during the Class Period ("Class Members").

5. The Court confirms Edwin Aiwazian, Arby Aiwazian, Joanna Ghosh, and Selena Matavosian of Lawyers *for* Justice, PC as counsel for the Class ("Class Counsel"), and Plaintiffs Cameron Fletcher and Katrina Wilson as representatives of the Class ("Class Representative").

6. The Notice of Class and Representative Action Settlement ("Class Notice") that was provided to the Class Members, fully and accurately informed the Class Members of all material elements of the Settlement and of their

opportunity to participate in, object to or comment thereon, or to seek exclusion from, the Settlement; was the best notice practicable under the circumstances; was valid, due, and sufficient notice to all Class Members; and complied fully with the laws of the State of California, the United States Constitution, due process and other applicable law. The Class Notice fairly and adequately described the Settlement and provided Class Members with adequate instructions and a variety of means to obtain additional information. The Court therefore determined that all members of the Class have been given proper and adequate notice of the Settlement.

7. The Court finds that a full opportunity has been afforded to Class Members to make objections to the Class Settlement and a full opportunity has been afforded to Class Members to participate in the Final Approval Hearing. The Court also finds that Class Members have had a full and fair opportunity to exclude themselves from the Class Settlement. There have been zero (0) Requests for Exclusions and Objections to the Class Settlement submitted to the Settlement Administrator. Accordingly, the Court determines that all Class Members who do not submit a valid and timely Request for Exclusion ("Settlement Class Members") are bound by this Order Granting Final Approval of Class Action and PAGA Settlement and Judgment ("Final Approval Order and Judgment").

8. The Court finds that the plan for distribution of the Gross Settlement Amount to Settlement Class Members set forth in the Settlement is fair, reasonable, and adequate pursuant to Rule 23 of the Federal Rules of Civil Procedure and orders the parties to consummate the settlement in accordance with the terms of the Settlement Agreement.

9. The Court finds that the allocation of $75,000.00 of the Gross Settlement Amount toward penalties under the Private Attorneys General Act, California Labor Code section 2698 *et seq.* ("PAGA Allocation"), is fair, reasonable, and appropriate, and hereby approved. The Settlement Administrator

shall distribute the PAGA Allocation as follows: the amount of $56,250.00 to the California Labor and Workforce Development Agency ("LWDA Payment"), and the amount of $18,750.00 ("Aggrieved Employees' Portion") to be distributed to all current and former hourly-paid or non-exempt employees who worked for Defendant within the State of California at any time during the PAGA Period ("Aggrieved Employees"), according to the terms set forth in the Settlement Agreement.

10.  The Court hereby enters Judgment by which Settlement Class Members shall be conclusively determined to have given a release of any and all Released Class Claims against any and all Released Parties, and Aggrieved Employees and the State of California shall be conclusively determined to have given a release of any and all Released PAGA Claims against any and all Released Parties, as set forth in the Settlement Agreement and Class Notice.

11.  It is hereby ordered that Defendant shall fund the Gross Settlement Amount, plus the amount required to fund Employer Taxes, pursuant to the Settlement Administrator's instructions no later than fifteen (15) business days after the Effective Date, in accordance with the Settlement Agreement.

12.  It is hereby ordered that the Settlement Administrator shall distribute the Individual Settlement Payments to each Settlement Class Member and Individual PAGA Payments to each Aggrieved Employee within seven (7) business days of the funding of the Gross Settlement Amount, according to the methodology and terms set forth in the Settlement Agreement.

13.  It is hereby ordered that any and all checks issued shall indicate on their face that, consistent with standard bank procedures, they are void if not negotiated within one hundred and eighty (180) calendar days of their issuance, and the uncashed checks will be transmitted by the Settlement Administrator to the California State Controller's Unclaimed Property Division in the name of the Settlement Class Member and/or Aggrieved Employee to whom the check had

been addressed, according to the methodology and terms set forth in the Settlement Agreement.

14. After entry of this Final Approval Order and Judgment, the Court shall retain jurisdiction to construe, interpret, implement, and enforce the Settlement Agreement and this Final Approval Order and Judgment, to hear and resolve any contested challenge to a claim for settlement benefits, and to supervise and adjudicate any dispute arising from or in connection with the distribution of settlement benefits.

15. Individualized notice of this Final Approval Order and Judgment is not required to be provided to Class Members. A copy of this Final Approval Order and Judgment shall be posted on the Settlement Administrator's website, which is accessible to Class Members, for a period of at least sixty (60) calendar days after the date of entry of this Final Approval Order and Judgment.

**IT IS SO ORDERED.**

DATED: December 11, 2024

_____
DOLLY M. GEE
CHIEF U.S. DISTRICT JUDGE